RICHARD BARNES, Appellant, *vs.* STEPHEN EDDY.

By the decree of a Probate Court commissioners were appointed on the insolvent estate of a decedent, and six months were allowed to creditors to prove their claims against the estate. The six months expired on Sunday. The commissioners held their last meeting on the following day:
*Held,* that the acts of the commissioners were according to law.
*Held,* further, that the duty of the commissioners required them to sit on the last day of the six months.
Whenever a given period is fixed within which an act must be done, Sundays, which fall within the period make a part of it; but if the period closes on Sunday the act may be done on the following day.

APPEAL from the Probate Court of Gloucester. Heard by the court on an agreed statement of facts.

*January* 19, 1878. DURFEE, C. J. This is an appeal from a decree of the Court of Probate of the town of Gloucester rejecting the report of commissioners appointed by said court under Gen. Stat. R. I. cap. 175, upon the estate of Edward Cook, deceased. The estate was represented insolvent by the administrator, and the commissioners appointed on the 10th day of June, 1876, and six months were allowed to the creditors to bring in their claims and prove their debts. The commissioners appointed the 11th day of December, 1876, as the time of their meeting to receive the claims, at which time the claims reported by them were presented and allowed. The six months allowed by the Court of Probate expired on the 10th day of December, 1876; but the 10th day of December, 1876, was Sunday. The principal question raised is whether the 10th being a Sunday, the meeting of the commissioners on the following day was legal. It is agreed that if we find it was legal, the decree of the court below shall be reversed and a decree entered here establishing the commissioners' report.

The counsel for the appellants contends that even if the last day of the six months had been a secular day it would not have been necessary for the commissioners to have met on that day. We do not concur in this view. The creditors are allowed six months to bring in their claims and prove their debts; and, therefore, however many meetings the commissioners may have held previously, they must be in session on the last day, if that is a secular day, or otherwise the creditors cannot have the ben-

efit of the time allotted to them. In our view the only question is whether, the 10th day being Sunday, the commissioners should not have met the day before rather than the day after it.

The cases on this point are not entirely harmonious, but we think the better rule is that which is laid down *In the Matter of Goswiler's Estate*, 3 Pa. 200. The rule is this: " Whenever by a rule of court or an act of the legislature a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day in which the rule is taken or the decision made is excluded, and if one or more Sundays occur within the time they are counted unless the last day falls on Sunday, in which case the act may be done on the next day." And see *Lee* v. *Carlton*, 3 Term Rep. 642 ; *Bullock* v. *Lincoln*, Strange, 914 ; *Cock* v. *Bunn*, 6 Johns. Rep. 326 ; also *Hammond* v. *Amer. Mut. Life Ins. Co.* 10 Gray, 306.

The rule thus stated is particularly appropriate to a case like the case at bar; for in such a case the time allowed is not so much granted as a favor as it is imposed by way of limitation, and therefore the creditors on whom it is imposed ought to have the full benefit of all the time allowed, even though it may be necessary to that end to give an additional day.

We think the meeting held by the commissioners on the 11th day of December, 1876, was legal, and consequently, as agreed, the decree of the court below will be reversed and the report of the commissioners received and established.

*Order accordingly.*

*B. N. & S. S. Lapham*, and *Slocum & Allen*, for appellant.
*Charles H. Page*, for appellee.