## The NARRAGANSETT ELECTRIC COMPANY

v.

## Michael R. MINARDI, in his capacity as the Tax Assessor for the Town of Barrington et al.

### No. 2009–232–Appeal.

Supreme Court of Rhode Island.

June 9, 2011.

John O. Mancini, Esq., Providence, for Plaintiff.

Kathleen M. Daniels, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on March 31, 2011, pursuant to an

order directing the parties to appear and show cause why the issues in this appeal should not summarily be decided. The plaintiff, the Narragansett Electric Company (Narragansett or plaintiff), appeals from the dismissal of its suit challenging the taxation of its property, filed against thirty-four Rhode Island municipalities (municipalities or defendants) in the Providence County Superior Court. After reviewing the parties' memoranda and hearing the arguments of counsel, we are satisfied that cause has not been shown and the appeal may be decided at this time. We affirm.

## Facts and Travel

This case stems from the assessment of taxes on Narragansett's "gas service utility assets" (gas assets), namely, "[t]he equipment utilized for the transmission and operation of [p]laintiff's gas service[,]" including, but not limited to, "gas mains, meters, station regulators, curb valves, and preheaters." Narragansett contends that these gas assets should be taxed as tangible personal property as set forth in G.L. 1956 § 44-5-12.1.[1] The plaintiff alleged that several cities and towns have established and applied tangible personal property rates that exceed the maximum allowable rates, resulting in what Narragansett characterizes as the assessment of illegal taxes.

Rather than undertaking individual appeals from these assessments to the local tax assessor, in accordance with § 44-5-26(a), Narragansett proceeded directly to the Superior Court,[2] seeking declaratory and injunctive relief in a single action. In that action, plaintiff brought suit against

---

1. General Laws 1956 § 44-5-12.1, entitled "Assessment of tangible personal property[,]" provides in pertinent part:

   "(a) All tangible personal property subject to taxation shall be assessed for taxation based on the original purchase price (new or used) including all costs such as freight and installation. Assets will be classified and depreciated as defined in this section."

   Section 44-5-12.1(b) includes a "classification and depreciation table" to be used in determining the assessed value of tangible personal property. Section 44-5-12.1(c) provides that gas distribution equipment—specifically, plastic mains and services; steel mains and services; meters, regulators, and installations; and other distribution equipment—should be classified and assessed as tangible personal property with a long life of "13 + years[.]"

2. Section 44-5-26(a), entitled "Petition in [S]uperior [C]ourt for relief from assessment[,]" provides in pertinent part:

   "Any person aggrieved on any ground whatsoever by any assessment of taxes against him or her in any city or town, * * * and under obligation to pay more than one-half of the taxes thereon, may within ninety (90) days from the date the

first tax payment is due, file an appeal in the local office of tax assessment * * *. * * * The assessor has forty-five (45) days to review the appeal, render a decision and notify the taxpayer of the decision. The taxpayer, if still aggrieved, may appeal the decision of the tax assessor to the local tax board of review * * *. * * * The local tax board of review shall, within ninety (90) days of the filing of the appeal, hear the appeal and render a decision within thirty (30) days of the date that the hearing was held."

   Section 44-5-27, entitled "Exclusiveness of remedy by petition[,]" provides in pertinent part:

   "The remedy provided in § 44-5-26 is exclusive if the taxpayer owned or possessed any ratable estate at all, except that, in a proper case, the taxpayer may invoke the equity jurisdiction of the [S]uperior [C]ourt; provided, that the complaint is filed within three (3) months after the last day appointed for the payment, without penalty, of the tax, or the first installment of the tax, if it is payable in installments. A taxpayer alleging an illegal or void tax assessment against him or her is confined to the remedies provided by § 44-5-26, except that the taxpayer is not required to file an appeal with the local assessor."

the taxing authorities of thirty-four of Rhode Island's thirty-nine municipalities,[3] requesting in pertinent part: (1) a declaration that plaintiff's gas assets must be characterized as tangible personal property and taxed as such based on § 44–5–12.1; (2) a declaration that certain municipalities violated § 44–5–11.8 through § 44–5–79 of the General Laws because of their failure to tax Narragansett's gas assets as tangible personal property, resulting in the assessment of illegal taxes; (3) a declaration that Narragansett's substantive and procedural due process rights were violated because of this illegal taxation; (4) a declaration that defendant-municipalities' failure to provide a meaningful process to contest the illegal tax assessments was in violation of plaintiff's due process rights; and (5) an injunction ordering defendant-municipalities to assess plaintiff's gas assets as tangible personal property.

The defendants filed motions to dismiss, essentially arguing: (1) that the Superior Court lacked subject-matter jurisdiction or, in the alternative, that plaintiff failed to state a claim upon which relief could be granted, because Narragansett was confined to the remedies in chapter 5 of title 44 and had failed to exhaust those remedies; and (2) that by including municipalities that had taxed plaintiff's gas assets as tangible personal property, and thus had not actually assessed illegal taxes, plaintiff was requesting an advisory opinion, which is not an available remedy under the Uni-

form Declaratory Judgments Act (UDJA), G.L.1956 chapter 30 of title 9.

The trial justice dismissed all but one count of Narragansett's complaint under Rule 12(b)(1) and (b)(6) of the Superior Court Rules of Civil Procedure. The trial justice held that the Superior Court was without authority to reach the declaratory relief counts because plaintiff "neither filed a timely appeal under § 44–5–26, nor invoked the [c]ourt's equitable jurisdiction under § 44–5–27." With the Superior Court's permission, plaintiff voluntarily withdrew the remaining count—a request for an injunction requiring that its gas assets be taxed as tangible personal property—and appealed to this Court.

On appeal, plaintiff contends that the trial justice erred by granting defendants' motions to dismiss, because: (1) §§ 44–5–26 and 44–5–27 allow taxpayers alleging an illegal tax to appeal directly to the Superior Court; (2) the petition for a declaratory judgment is an independent, ripe, and justiciable action appropriately brought under the UDJA; and (3) it is futile for plaintiff to appear before the local tax assessors and boards of review because they lack the authority to resolve the issue.

### Standard of Review

▮▮▮ "[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint." *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I.2002) (quoting *Rhode Island*

---

**3.** The municipalities named as defendants are: Barrington, Bristol, Burrillville, Central Falls, Coventry, Cranston, Cumberland, East Greenwich, East Providence, Exeter, Glocester, Hopkinton, Johnston, Lincoln, Middletown, Narragansett, Newport, North Kingstown, North Providence, North Smithfield, Pawtucket, Portsmouth, Providence, Richmond, Scituate, Smithfield, South Kingstown, Tiverton, Warren, Warwick, West Greenwich, West Warwick, Westerly, and Woonsocket. The towns of Cumberland and Middletown

have reached settlement agreements with plaintiff and are no longer parties to this case.

Although the above thirty-four municipalities were named in the complaint, plaintiff cited only the following defendants as having committed violations: Central Falls, Coventry, Cranston, Cumberland, East Providence, Glocester, Johnston, Newport, North Kingstown, North Providence, Pawtucket, Portsmouth, Smithfield, Warwick, West Warwick, and Woonsocket.

*Affiliate, ACLU, Inc. v. Bernasconi,* 557 A.2d 1232, 1232 (R.I.1989)). In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice. *Barrette v. Yakavonis,* 966 A.2d 1231, 1233 (R.I.2009). We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor. *Laurence,* 788 A.2d at 456 (citing *Bernasconi,* 557 A.2d at 1232). A motion to dismiss may be granted only "if it 'appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts[.]' " *Estate of Sherman v. Almeida,* 747 A.2d 470, 473 (R.I.2000) (quoting *Bernasconi,* 557 A.2d at 1232).

### Analysis

This Court frequently has emphasized that "the taxing statutes provide the exclusive relief to any person aggrieved by any assessment of taxes against him by any city or town." *Murray v. Rockaway Boulevard Wrecking & Lumber Co.,* 108 R.I. 607, 609, 277 A.2d 922, 924 (1971) (citing *Tripp v. Merchants' Mutual Fire Insurance Co.,* 12 R.I. 435 (1879)). Section 44–5–26(a) provides that "[a]ny person aggrieved on any ground whatsoever by any assessment of taxes" may file an appeal with the local tax assessor. After the assessor issues a decision, the taxpayer may appeal the decision to the local tax board of review if still aggrieved. Section 44–5–26(a). Significantly, § 44–5–27 states that "[t]he remedy provided in § 44–5–26 is exclusive[;]" however, a taxpayer alleging an illegal tax may proceed directly to the Superior Court.

■ It is undisputed that, in this case, Narragansett elected to bypass the review procedures set forth in §§ 44–5–26 and 44–5–27 and proceed directly to the Superior Court by contending that it was challenging an illegal assessment. In so doing

however, plaintiff failed to establish that the taxes at issue were, in fact, illegal. This Court previously has stated:

"The mere fact that the assessing officers have proceeded on a fundamentally wrong basis or that the assessment is excessive is not of itself alone sufficient to justify the intervention of the courts at the instance of the taxpayer. Before a court of equity will grant relief against the acts of such officers, it must clearly appear that the assessment is so palpably exorbitant and excessive as to amount to constructive fraud or to violate some constitutional principle." *CIC–Newport Associates v. Stein,* 121 R.I. 844, 853–54, 403 A.2d 658, 663 (1979) (quoting *Ozette Railway v. Grays Harbor County,* 16 Wash.2d 459, 133 P.2d 983, 987 (1943)).

"Typical examples of an illegal assessment include the situation in which exempt property is assessed for taxation, * * * in which the assessors act entirely without jurisdiction, * * * in which the assessment is knowingly or intentionally made in a discriminatory manner, * * * or in which the assessment is fraudulently rendered." *CIC–Newport Associates,* 121 R.I. at 852–53, 403 A.2d at 663.

■ In this case, Narragansett contends that because its gas assets were taxed incorrectly—an issue that we do not reach—that this amounts to an illegal tax. However, nowhere in its pleadings or arguments does plaintiff argue that its gas assets are exempt from taxes or that the assessments were " 'so palpably exorbitant and excessive as to amount to constructive fraud[.]' " *Id.* at 854, 403 A.2d at 663. Thus, Narragansett failed to establish that it had been assessed an illegal tax; accordingly, it could not avail itself of the direct appeal to the Superior Court set forth in § 44–5–27.

Because Narragansett has failed to establish that the taxes assessed against it are illegal, we need not reach the remaining issues that Narragansett raised.

### Conclusion

We affirm the judgment and remand the papers in this case to the Superior Court.