William Chhun et al.                    :

v.                                      :

Mortgage Electronic Registration Systems,    :
        Inc., et al.

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island,
250 Benefit Street, Providence, Rhode Island 02903, at Telephone
222-3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

William Chhun et al.          :

v.                            :

Mortgage Electronic Registration Systems,    :
Inc., et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**    This case came before the Supreme Court on December 10, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be decided summarily.  The plaintiffs, William Chhun and Joli Chhim (plaintiffs), appeal from a Superior Court judgment granting the motion to dismiss of the defendants, Mortgage Electronic Registration Systems, Inc. (MERS),[1] Domestic Bank (Domestic), Aurora Loan Services, LLC (Aurora), and Deutsche Bank National Trust Company (Deutsche Bank) (collectively, defendants).  After considering the written and oral arguments advanced by counsel, we are satisfied that cause has not been shown and that this appeal may be decided at this time.  For the reasons set forth below, we vacate the judgment of the Superior Court.

---

[1] For more information on the role of MERS in the mortgage industry, see Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

## Facts and Travel

On a motion to dismiss, the facts are gleaned from the complaint; we assume all of the allegations in the complaint are true and resolve any doubts in favor of the plaintiff. See Narragansett Electric Co. v. Minardi, 21 A.3d 274, 278 (R.I. 2011). On April 24, 2006, William Chhun and Joli Chhim executed a mortgage (the mortgage) on 11 Wakefield Avenue in Cranston. The mortgage identified plaintiffs as "Borrower," Domestic as "Lender," and MERS as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns."[2]

On September 10, 2010, MERS purported to assign the mortgage to Aurora. The Corporate Assignment of Mortgage (the assignment) is endorsed by MERS, "as nominee for Domestic Bank [its] Successors or Assigns." It is signed by "Theodore Schultz, Vice-President" (Schultz). The complaint, however, alleges that Schultz "had no authority to assign" the mortgage. More specifically, plaintiffs allege that Schultz was "an employee of Aurora, not a Vice-President or Assistant Secretary of MERS." Furthermore, plaintiffs allege that MERS did not order the assignment to Aurora.[3]

On August 5, 2011, plaintiffs filed a three-count complaint, seeking a declaratory judgment, quiet title, and punitive damages. The complaint alleges that both MERS and Aurora attempted to invoke the power of sale. Although the complaint does not provide any details about the foreclosure process, it does allege that "Aurora or the successful bidder at the

---

[2] Although not attached to the complaint, a later filing includes a copy of an adjustable rate note also signed by William Chhun on April 24, 2006, promising to pay $224,000 in principal plus interest to Domestic.

[3] The plaintiffs also allege that "[t]he assignment from MERS to Aurora is void due to failure of consideration."

foreclosure sale took a foreclosure deed."[4] The plaintiffs requested, inter alia, that the court declare that the assignment is void, that the foreclosure sale is void, and that plaintiffs own a fee simple interest in the property.

The defendants moved to dismiss the complaint in accordance with Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, alleging that plaintiffs lacked standing to challenge the assignment of the mortgage and that plaintiffs failed to state a claim upon which relief can be granted. The plaintiffs responded with a lengthy pleading in opposition to defendants' motion. The Superior Court justice granted the motion to dismiss, concluding that plaintiffs did not have standing to seek relief based on the assignment because they were neither an assignor nor an assignee of the assignment. Alternatively, he also concluded that, even if plaintiffs did have standing, they had "failed to allege facts in their Complaint which 'raise a right to relief above the speculative level,'" quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Superior Court justice further stated that Aurora properly was the mortgagee prior to the commencement of foreclosure proceedings and that the identity of the note holder was irrelevant.

**Standard of Review**

The articulation of the standard of review on a motion to dismiss was raised as an issue in this case. Under this Court's traditional explication of the standard, a Rule 12(b)(6) motion to dismiss should be granted only "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." Palazzo v. Alves, 944 A.2d 144, 149-50 (R.I. 2008) (quoting Ellis v. Rhode Island Public Transit Authority, 586 A.2d 1055, 1057 (R.I. 1991)); see also McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005) ("[I]t is our function to examine the

---

[4] In their Rule 12A counterstatement, defendants contend—without citation—that Aurora conducted a foreclosure sale on August 3, 2011.

complaint to determine if plaintiffs are entitled to relief under any conceivable set of facts."). In undertaking this review, we are "confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." Minardi, 21 A.3d at 278.

Generally, this Court looks to Federal jurisprudence for guidance or interpretation of Rule 12(b). See Hall v. Kuzenka, 843 A.2d 474, 476 (R.I. 2004) ("[W]here the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule." Quoting Heal v. Heal, 762 A.2d 463, 466-67 (R.I. 2000)). Additionally, we have noted that "Rhode Island Rule 12(b) is nearly identical to Rule 12(b) of the Federal Rules of Civil Procedure." Hall, 843 A.2d at 476-77. In recent years, however, the Federal courts have significantly altered their interpretation of the standard of review applicable to a motion to dismiss, and the Superior Court justice in this case relied on that interpretation. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555. Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a plaintiff must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570.[5] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Significantly, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." Iqbal, 556 U.S. at 686. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."

---

[5] In Twombly, the Supreme Court stated that the "no set of facts" language originating in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)—and on which this Court's articulation of the traditional Rhode Island standard is based—"has earned its retirement." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562, 563 (2007). Thus, it is clear that the new Federal standard cannot be blended with the traditional Rhode Island standard.

Id. at 679. "Determining whether a complaint states a plausible claim for relief * * * [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

This Court has not yet addressed whether continued adherence to our traditional Rhode Island standard is appropriate or whether the new Federal guide of plausibility should be adopted. However, we are satisfied that this is not the case to answer such an important question because our decision under either articulation of the Rule 12(b)(6) motion to dismiss standard would be the same. Accordingly, we leave the Twombly and Iqbal conundrum for another day.

## Analysis

### Standing

The Superior Court justice held that plaintiffs lacked standing to challenge the assignment of the mortgage on their home. Recently, this Court held that, in limited circumstances, "homeowners in Rhode Island have standing to challenge the assignment of mortgages on their homes to the extent necessary to contest the foreclosing entity's authority to foreclose." Mruk v. Mortgage Electronic Registration Systems, Inc., No. 2012-282-A., slip op. at 13 (R.I., filed Dec. 19, 2013). The plaintiffs in this case contest Aurora's authority to foreclose, alleging that the mortgage was not validly assigned. In light of Mruk, we are satisfied that plaintiffs have standing to prosecute this claim.

### The Motion to Dismiss

The Superior Court justice concluded that, even if plaintiffs had standing, their "allegations with respect to the invalidity of the assignment of the Mortgage interest are merely

- 5 -

'conclusory statements' which are insufficient to survive a motion to dismiss." Before this Court, defendants contend that "the Superior Court utilized the Rhode Island pleading standard." Although the Superior Court justice stated that "[p]laintiffs' [c]omplaint cannot survive a Rule 12(b)(6) motion even under the more forgiving pleading standard articulated in [Barrette v. Yakavonis, 966 A.2d 1231 (R.I. 2009) and Palazzo v. Alves, 944 A.2d 144 (R.I. 2008)]," at the crucial points of the decision, the Superior Court justice employed Twombly and Iqbal. Regardless of which standard the decision rests upon, we conclude that the allegations in the complaint are sufficient to survive a motion to dismiss under both our traditional standard and the newer Federal standard.

Paragraph 12 of the complaint alleges: "On or about September 10, 2010, MERS attempted to assign this Mortgage to Aurora. * * * Theodore Schultz signed. Theodore Schultz had no authority to assign." Thus, the plaintiffs have alleged that the one person who signed the mortgage assignment did not have the authority to do so. This allegation is buttressed by other allegations in the complaint. Paragraph 13 states that "Theodore Schultz was an employee of Aurora, not a Vice-President or Assistant Secretary of MERS." Paragraph 17 alleges that "MERS did not order the assignment to Aurora." Finally, paragraph 19 contends that "[n]o power of attorney from MERS to either Theodore Schultz or Aurora is recorded and referenced in the subject assignment." These allegations, if proven, could establish that the mortgage was not validly assigned, and, therefore, Aurora did not have the authority to foreclose on the property. Accordingly, the complaint states a plausible claim upon which relief can be granted, and it is not "clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." Palazzo, 944 A.2d at 149-50 (quoting Ellis, 586 A.2d at 1057); see Iqbal, 556 U.S. at

678-80 (articulating plausibility standard). Thus, the defendants' Rule 12(b)(6) motion was improperly granted.

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand the case for further proceedings.


**TITLE OF CASE:**  William Chhun et al. v. Mortgage Electronic Registration Systems, Inc., et al.

**CASE NO:**  No. 2012-298-Appeal.
(PC 11-4547)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  February 3, 2014

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  George E. Babcock, Esq.

For Defendants:  Charles A. Lovell, Esq.