January 7, 2020

**Supreme Court**

No. 2019-63-Appeal.
(WC 15-199)

Michael A. Willner, individually and as    :
guardian, son, and/or next friend of
Joyce C. Willner    :

v.    :

South County Hospital et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michael A. Willner, individually and as   :
  guardian, son, and/or next friend of
       Joyce C. Willner          :

            v.               :

South County Hospital et al.      :

Present: Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** This case came before the Supreme Court on November 7, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Michael Willner (plaintiff), appeals from a Superior Court judgment in favor of the defendants, South County Hospital, Home & Hospice Care of Rhode Island (Home & Hospice Care), and Emmy A. Mahoney, M.D. (Dr. Mahoney) (collectively defendants). After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the case at this time. For the reasons stated in this opinion, the judgment of the Superior Court is affirmed.

**Facts and Travel**

In April 2012, plaintiff's mother, Joyce Willner (Joyce),[1] was admitted to South County Hospital for complications stemming from pneumonia. Her health quickly deteriorated, and she

---

[1] For the sake of clarity, we refer to plaintiff's mother and to his mother's husband by their first names; we intend no disrespect by doing so.

was transferred to general inpatient hospice, located in South County Hospital and operated by Home & Hospice Care. After Joyce was admitted to hospice, a disagreement arose between plaintiff, who misrepresented himself to hospital staff as holding Joyce's durable power of attorney for health care, and Joyce's husband, Kurt Willner (Kurt), over the plan of care for Joyce. This led to Kurt presenting a valid durable power of attorney for health care document to hospital staff, who, at that point, recognized Kurt as the controlling authority to make decisions about Joyce's care. Indeed, plaintiff did not hold Joyce's medical power of attorney, and did not become Joyce's guardian until later, in 2014. Undaunted, plaintiff continued to oppose the medical care that was provided to Joyce, and he became increasingly aggressive and disruptive, to the point where hospital staff informed him that he would be removed from the premises if his behavior continued. In turn, Kurt instructed hospital staff to withhold all information regarding Joyce's medical care from plaintiff. Joyce's health eventually and unexpectedly improved, and she was discharged from hospice in May 2012.

On April 23, 2015, plaintiff filed a *pro se* complaint against South County Hospital and Home & Hospice Care. The plaintiffs were listed as "Michael A. Willner, individually and as guardian and next best friend of Joyce C. Willner, and Joyce C. Willner[.]" On August 18, 2015, plaintiff filed an eight-count first amended complaint against defendants, including Dr. Mahoney, who was Joyce's attending physician.[2] The plaintiff was listed as "Michael A. Willner, individually and as guardian, son, and/or next friend of Joyce C. Willner[.]"

During pretrial discovery, it became clear that plaintiff was the key witness who would testify in support of the claims alleged in the amended complaint. The defendants deposed

---

[2] The plaintiff's first amended complaint also named twenty "John Doe" defendants under General Laws 1956 § 9-5-20; however, the record does not indicate whether plaintiff ascertained their identities.

plaintiff on April 29, 2016. At a hearing on November 20, 2017, the trial justice learned that plaintiff was representing himself *pro se*, as well as the Guardianship of Joyce C. Willner (the Guardianship). Accordingly, on November 27, 2017, the trial justice issued an order disqualifying plaintiff from representing the interests of the Guardianship and allowing him to continue to represent himself *pro se*. Because plaintiff was an attorney and member of the District of Columbia Bar, he then filed a motion to represent the Guardianship *pro hac vice* on December 14, 2017. That motion was denied on January 22, 2018.

Despite the trial justice's order denying plaintiff's motion to appear *pro hac vice* on behalf of the Guardianship, plaintiff did not retain counsel and continued to act as counsel for the Guardianship. For example, plaintiff deposed the representative of South County Hospital and noticed the deposition of Dr. Mahoney. As a result, in April 2018, Dr. Mahoney and Home & Hospice Care filed motions to disqualify plaintiff from acting as attorney for the Guardianship and to hold him in contempt for failing to comply with the trial justice's January 22, 2018 order. The defendants also filed a joint motion to strike the pleadings filed on behalf of the Guardianship. The trial justice granted the motion to disqualify and denied the motion to hold plaintiff in contempt on April 30, 2018, and granted the motion to strike on May 2, 2018. The trial justice also ordered plaintiff to obtain counsel for the Guardianship within thirty days. The plaintiff failed to meet that deadline.

Accordingly, Dr. Mahoney filed a motion to dismiss the claims brought by plaintiff in his capacity as Joyce's guardian (and son) and a motion for summary judgment as to the claims brought against her by plaintiff individually. South County Hospital and Home & Hospice Care also moved for summary judgment as to all eight claims alleged in the first amended complaint. The trial justice granted the motion to dismiss and the motions for summary judgment, and

dismissed all claims alleged by plaintiff individually and on behalf of the Guardianship. Final judgment entered on December 12, 2018, and plaintiff appealed.

**Standard of Review**

"In passing on a Rule 12(b) motion to dismiss, 'this Court applies the same standard as the trial justice.'" *Dent v. PRRC, Inc.*, 184 A.3d 649, 653 (R.I. 2018) (quoting *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 278 (R.I. 2011)). "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Id.* (quoting *Minardi*, 21 A.3d at 278). "[A] motion to dismiss may be granted only if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Id.* (brackets omitted) (quoting *Minardi*, 21 A.3d at 278).

Additionally, "this Court reviews a grant of summary judgment *de novo*." *Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018) (brackets omitted) (quoting *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I. 2013)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (brackets omitted) (quoting *Sullo*, 68 A.3d at 406-07). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (brackets and deletion omitted) (quoting *Sullo*, 68 A.3d at 407). "In the absence of a credible showing of the existence of material facts, summary judgment is warranted." *Id.*

**Analysis**

On appeal, plaintiff argues that the trial justice erred in dismissing the claims brought on behalf of the Guardianship.[3]  The plaintiff proffers a rather novel argument, contending that Joyce should have been allowed to represent herself *pro se* through plaintiff as her guardian (and son).  In other words, plaintiff contends that he "should have been allowed to stand in Joyce's shoes and, in effect, exercise her right to self-representation."  Thus, plaintiff contends, Joyce was deprived of her right to represent herself *pro se*, in violation of her constitutional right to due process.  The plaintiff also argues, in the alternative, that the trial justice erred in denying plaintiff's request to appoint a guardian *ad litem* to represent Joyce under Rule 17(c) of the Superior Court Rules of Civil Procedure.[4]

The plaintiff's arguments are without merit.  We acknowledge that litigants have the right to represent themselves *pro se*. *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005).  But *pro se* litigants "are not entitled to greater rights than those represented by counsel." *Id.* (quoting *Gray v. Stillman White Co., Inc.*, 522 A.2d 737, 741 (R.I. 1987)).  Accordingly, *pro se* litigants have no right to be represented by an individual who is not authorized to practice law.

---

[3] The plaintiff indicated at oral argument that he was not appealing the trial justice's dismissal of the claims brought in his individual capacity.  Therefore, our review is confined to the claims brought on behalf of the Guardianship.

[4] Rule 17(c) of the Superior Court Rules of Civil Procedure provides:

> "Whenever an infant or incompetent person has a representative, such as a general guardian, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person.  If an infant or incompetent person does not have a duly appointed representative, the infant or incompetent person may sue by a next friend or by a guardian ad litem.  The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as the court deems proper for the protection of the infant or incompetent person."

*See Andrews v. Bechtel Power Corporation*, 780 F.2d 124, 140 (1st Cir. 1985) ("The right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.'") (quoting *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)).

In this case, although Joyce had the right to represent herself *pro se*, she could not exercise that right through plaintiff, as her guardian (and son), because plaintiff is not authorized to practice law in Rhode Island, and his motion to appear on behalf of the Guardianship *pro hac vice* had been denied.[5] Regardless, even if plaintiff had been authorized to practice law in Rhode Island, he could not represent the interests of Joyce as her counsel while also serving in his fiduciary capacity as her guardian, as a matter of law. *See In re Estate of Ross*, 131 A.3d 158, 167 (R.I. 2016) (explaining that a fiduciary relationship arises from the appointment of a guardian). Furthermore, plaintiff could not appear on behalf of the Guardianship, because he was a key fact witness in the case. We therefore conclude that the trial justice did not err in dismissing the claims alleged by plaintiff on behalf of the Guardianship, because Joyce had no right to be represented by an individual who is not authorized to practice law—*i.e.*, plaintiff.

We also reject plaintiff's argument that the trial justice erred in denying plaintiff's request to appoint a guardian *ad litem*. The plain language of Rule 17(c) indicates that a court has the authority to appoint a guardian *ad litem* to represent an incompetent person who is not otherwise represented in a case. Specifically, Rule 17(c) states, in part: "*The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action* or shall make such other order as the court deems proper for the protection of the infant or incompetent person." (Emphasis added.)

---

[5] We pause to suggest that plaintiff could have stood in his mother's shoes and retained counsel for her.

Here, the record reveals that the plaintiff became Joyce's guardian in 2014 and that Joyce was represented by the plaintiff, as her guardian (and son), for the duration of the litigation in this case. Rule 17(c), therefore, does not apply. Thus, we conclude that the trial justice did not err in denying the plaintiff's request to appoint a guardian *ad litem*.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we remand the papers in this case.

Chief Justice Suttell did not participate.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | |
|---|---|
| **Title of Case** | Michael A. Willner, individually and as guardian, son, and/or next friend of Joyce C. Willner v. South County Hospital et al. |
| **Case Number** | No. 2019-63-Appeal. (WC 15-199) |
| **Date Order Filed** | January 7, 2020 |
| **Justices** | Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Michael Willner, Pro Se<br><br>For Defendants:<br><br>Michael Messore IV, Esq.<br>Rajaram Suryanarayan, Esq.<br>Dennis S. Baluch, Esq.<br>John R. Mahoney, Esq.<br>Jeffrey G. Latham, Esq.<br>Christine A. Stowell, Esq. |