March 4, 2022

**Supreme Court**

No. 2020-138-Appeal.
(PC 19-10369)

Gloria Nerney          :

v.                     :

Town of Smithfield.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Gloria Nerney                    :

v.                               :

Town of Smithfield.              :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** The plaintiff, Gloria Nerney,[1] appeals from

a March 17, 2020 judgment of the Providence County Superior Court dismissing her

amended complaint, in which she in substance sought a writ of mandamus ordering

the defendant, the Town of Smithfield (the Town), to remove several trees and plants

that were planted on the Town's property by certain neighboring landowners. This

case came before the Supreme Court pursuant to an order directing the parties to

show cause why the issues raised in this appeal should not be summarily decided.

After carefully considering the parties' arguments (both written and oral) and after

reviewing the record, we are of the opinion that cause has not been shown and that

---

[1]     The plaintiff appeared before this Court *pro se*, as was the case in the Superior
Court.

- 1 -

the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

The controversy that gave rise to this case involves a wall and several trees and plants located on a municipally owned right of way in Smithfield, Rhode Island, which right of way abuts the property of, Richard and Janice Andersen.[2] It is undisputed that in 2010 the Andersens replaced an existing wall, which had originally been built by the Town, and planted thirty-two trees and plants immediately behind that wall *on the Town's property* and without the Town's approval.[3] Since then, several neighbors have taken issue with the Andersens' actions; those neighbors have voiced their complaints to various Town employees,

---

[2] The persons who replaced the wall and planted the trees and plants that are the focus of the instant dispute are referred to at various times in the record as "the Andersons" and as "the Andersens." For present purposes, we will hereinafter simply spell their surname as "Andersen." They are not parties to this case.

[3] It is further undisputed that, prior to planting the trees in question, the Andersens applied to the Town on June 29, 2010 for a soil erosion permit, seeking permission to plant a "hedgerow on [their] property line" and to "repair beach wall [and] add [a] stairway." That permit was granted by the Town Engineer on July 7, 2010, allowing the Andersens to undertake the requested actions, but only to the extent that said actions would be taken *on the Andersens' own property*.

seeking removal of the trees and plants.[4]  On numerous occasions, Ms. Nerney has also contacted various Town employees in an attempt to bring about the removal of the trees and plants, but always to no avail.  Over the years, several Town employees have looked into the complaints about the trees and plants (which, we repeat, are *on the Town's property*); but there has been no resolution that was satisfactory to Ms. Nerney—or, presumably, to the other aggrieved residents.

On October 23, 2019, Ms. Nerney filed in the Superior Court an amended complaint (which varied from her original complaint to a *de minimis* extent) against the Town, in which she set forth the above-summarized factual allegations.  While Ms. Nerney did not specify in her amended complaint a particular cause of action that might entitle her to relief, she was clear as to the nature of the relief she sought— namely, an order directing the Town to enforce "Town and State laws, regulations and ordinances by removing * * * all the trees and plants which were illegally planted within the Town's street line[.]"[5]

---

[4]    In addition, a separate civil action was filed in the Superior Court by certain parties referred to in the record simply as "the Tobins." That litigation resulted in a permanent injunction enjoining the Andersens "from maintaining the disputed [trees] in excess of six (6) feet in height[.]"

[5]    Ms. Nerney's amended complaint also included a count based on G.L. 1956 § 45-23-1.2(b), asserting that a public hearing should have been held prior to the planting of the trees and plants.  She based that assertion on her view that said planting involved a modification to the property line in question, which would be a departure from what is depicted on the Town's official map.  While Ms. Nerney's

In response, the Town filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure,[6] alleging that Ms. Nerney had "failed to set forth a cause of action justifying [the] extraordinary remedy" sought. In the alternative, the Town argued that the only "conceivable cause of action" which could be inferred from Ms. Nerney's amended complaint was a request for some form of declaratory relief or a writ of mandamus.[7] We share the view of the hearing justice that the relief actually sought by Ms. Nerney was a writ of mandamus.

A hearing on the motion to dismiss took place on March 11, 2020, at which hearing the parties relied on their above-summarized contentions. With respect to the writ of mandamus, the hearing justice ruled that the Town did not have a ministerial duty to remove the trees and plants at issue because, in her estimation, making a decision about that issue would be "part of [the Town's] executive

argument in this regard is duly noted, she has failed to put forth evidence in support of this allegation.

[6]     While the Town filed its motion to dismiss under the broad umbrella of Rule 12, it is clear from its memorandum in support of that motion that the Town based its motion on Rule 12(b)(6), which provides in pertinent part that a defendant may move to dismiss a complaint based on a plaintiff's "[f]ailure to state a claim upon which relief can be granted[.]"

[7]     The Town also asserted that there were other reasons warranting dismissal under Rule 12(b)(6). However, it is our view that the hearing justice's ruling on the mandamus issue constituted a good and sufficient reason for granting the motion to dismiss, and this opinion will be limited to an analysis of that issue.

function" and is a "discretionary function[.]"[8]  She added that a decision as to whether or not to require the Andersens to comply with the terms of the permit issued to them also fell within that "executive function" and ultimately "require[s] a level of discretion."  The hearing justice also commented that Ms. Nerney had other adequate remedies at law through which she could address her concerns; and she indicated that one such remedy would be filing suit against the Andersens.  In the end, the hearing justice dismissed Ms. Nerney's amended complaint given that the "mandamus issues" were "not curable."  A timely notice of appeal was filed on April 3, 2020.

## II

## Standard of Review

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, "this Court applies the same standard as the hearing justice[.]"  *Chariho Regional School District v. Gist*, 91 A.3d 783, 787 (R.I. 2014); *see Narragansett Electric Co. v. Minardi*, 21 A.3d 274, 278 (R.I. 2011).  It is well settled that a Rule 12(b)(6) motion is properly granted "only when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief under any set of

---

[8]     The hearing justice also alluded to what she considered to be the problematic nature of Ms. Nerney's standing.  However, since we are of the view that the ruling on the mandamus issue was a fully adequate ground for the grant of the motion to dismiss, we see no reason for opining with respect to the somewhat fact-intensive issue of standing in this context.

facts that could be proven in support of the claim." *Chariho*, 91 A.3d at 787 (internal quotation marks omitted). We also recognize that, "[b]ecause the sole function of a motion to dismiss is to test the sufficiency of the complaint, our review is confined to the four corners of that pleading." *Ho-Rath v. Rhode Island Hospital*, 115 A.3d 938, 942 (R.I. 2015) (internal quotation marks omitted). Moreover, "[i]n applying this standard, we will assume the allegations contained in the complaint to be true and view the facts in the light most favorable to the plaintiff." *Crenshaw v. State*, 227 A.3d 67, 71 (R.I. 2020) (brackets and internal quotation marks omitted); *see Chariho*, 91 A.3d at 788.

## III

## Analysis

### A

### Principles Relative to Writs of Mandamus

It is a basic principle that "the issuance of a writ of mandamus [is] both an extreme and an extraordinary remedy." *Chariho*, 91 A.3d at 788 (internal quotation marks omitted); *see also City of Providence v. Estate of Tarro*, 973 A.2d 597, 604 (R.I. 2009); *see generally Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 380-81 (2004); 52 Am. Jur. 2d *Mandamus* § 22 (2022). Consequently, a writ of mandamus "will be issued only when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has *a ministerial duty* to

perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law." *Muschiano v. Travers*, 973 A.2d 515, 520 (R.I. 2009) (emphasis added) (internal quotation marks omitted). Ultimately, "[f]or mandamus to lie, [the petitioner] must satisfy all three aforementioned conditions." *Id.* at 521.

This Court has clearly stated that "[a] ministerial function is one that is to be performed by an official in a prescribed manner based on a particular set of facts without regard to or the exercise of his own judgment upon the propriety of the act being done." *New England Development, LLC v. Berg*, 913 A.2d 363, 368-69 (R.I. 2007) (internal quotation marks omitted); *see also Estate of Tarro*, 973 A.2d at 604; *see generally Wilbur v. United States*, 281 U.S. 206, 218 (1930) ("Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use."). It is a basic principle that "[m]andamus will not be issued to compel a public officer to perform an act the performance of which rests within his discretion." *Estate of Tarro*, 973 A.2d at 605 (internal quotation marks omitted). And we have further stated that, "[i]f the performance of the duty involves the exercise of discretion or judgment, the writ will not be issued except in cases where there has been an abuse of discretion." *Id.* (internal quotation marks omitted).

## B

## Application of Those Principles to the Case at Bar

Although not articulated by Ms. Nerney in so many words, the essence of her contention is that the hearing justice erred in ruling that the requested act was discretionary rather than ministerial in nature. We are not persuaded by this contention. As the hearing justice aptly stated: "This is not a situation where the Town has refused to accept something that [Ms. Nerney] wanted to file with the town council or something that [she] wanted to file with the [town] clerk, which * * * would be a ministerial type [of] act." Rather, as the hearing justice also noted, the decision as to whether or not to remove the trees and plants at issue is "part of [the Town's] executive function, its discretionary function, to enforce the laws"— as is also true with respect to a decision by the Town requiring the Andersens to comply with the express terms of the permit issued to them.

While we view as unfortunate and regrettable[9] the Town's failure to meaningfully resolve the complaints and allegations relative to the disputed trees

---

[9] We are of one mind with the heartfelt prefatory remarks addressed to Ms. Nerney by the hearing justice just before she rendered her decision on the merits:

> "I can completely as a human being understand and appreciate your frustration. And I understand and appreciate your questions about why the Town isn't doing its job. And I am not as deep into the facts as you are or as [counsel for the Town] is by any stretch of the imagination. But I certainly hear the frustration. And

and plants (which are *on the Town's property*) in a manner satisfactory to Ms. Nerney and other discontented neighbors, we are of the opinion after careful deliberation that a decision as to how to deal with the very real problem posed by the location of the trees and plants and by the Andersens' failure to adhere to the explicit terms of their permit falls within the Town's discretionary authority concerning how to enforce its own ordinances and the permits it issues. *See O'Neill v. Carr*, 522 A.2d 1213, 1214-15 (R.I. 1987); *see also Diorio v. Hines Road, LLC*, 226 A.3d 138, 148 (R.I. 2020). Accordingly, it is our holding that, since it has been established that the decision as to how to deal with the instant problem rests within the discretion of the Town, mandamus does not lie.[10]

Consequently, even when we treat all of the allegations contained in Ms. Nerney's amended complaint as true, we perceive no error in the hearing justice's grant of the Town's motion to dismiss.

---

there does pop up in my mind a question, you know, what [is the Town] doing? How come [the Town is] not taking care of this?"

[10] In this opinion, we have addressed only what was in substance Ms. Nerney's request for a writ of mandamus, through which she sought an order compelling the Town to remove the disputed trees and plants. However, our holding with respect to the mandamus issue does not obviate the reality that, as the hearing justice specifically alluded to in the course of rendering her decision, Ms. Nerney remains entirely free to pursue such other remedies as might be available.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court granting the defendant's motion to dismiss. The record may be returned to that tribunal.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Gloria Nerney v. Town of Smithfield. |
| **Case Number** | No. 2020-138-Appeal. (PC 19-10369) |
| **Date Opinion Filed** | March 4, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa E. Darigan |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Gloria Nerney, *Pro Se* |
| | For Defendant: <br><br> Patricia A. Buckley, Esq. <br> Todd J. Romano, Esq. |