January 11, 2024

**Supreme Court**

No. 2022-316-Appeal.
(PP 22-2078)

Kelly Maltais                    :

v.                    :

Michael Maltais.                    :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov  of  any  typographical  or other formal errors in order that corrections may be made before the opinion is published.

Kelly Maltais        :

v.           :

Michael Maltais.     :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.** This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The appellant, Kelly Maltais (Kelly), has appealed from an order of the Superior Court dismissing her probate appeal in favor of the appellee, Michael Maltais (Michael), on the basis that her appeal was untimely.[1] After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we vacate the order of the Superior Court.

---

[1] Throughout the opinion, the parties are referred to by their first names for clarity. No disrespect is intended.

- 1 -

The appellant, Kelly, is the daughter of the decedent, Laurent E. Maltais. The Cranston Probate Court entered an order on March 10, 2022, admitting the last will and testament of the decedent and appointing his son, Michael, as executor of his estate. The will was executed on September 6, 2016.

Kelly filed a claim of appeal from the probate court order on March 30, 2022. The probate court certified the record to the Superior Court on April 11, 2022, and Kelly filed her reasons of appeal with the Superior Court that same day. Kelly alleged that her father's will "was executed as a result of * * * fraud, duress, and/or undue influence" and that he lacked the testamentary capacity to execute it.

Shortly thereafter, Michael filed a motion to dismiss Kelly's probate appeal as untimely, because she filed her reasons of appeal thirty-two days after the court's order. Michael argued that the appeal should be dismissed based on G.L. 1956 § 33-23-1(a)(2), which requires a party aggrieved by an order of the probate court to file their reasons of appeal within thirty days.

Kelly objected, arguing that the thirtieth day from the probate order was Saturday, April 9, 2022, and that under Rule 6 of the Superior Court Rules of Civil Procedure,[2] she had until Monday, April 11, 2022, to file her appeal. Michael

---

[2] In relevant part, Rule 6(a) of the Superior Court Rules of Civil Procedure provides that when calculating a period of time under the rules, "[t]he last day of the period is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event

responded that Rule 81 exempts probate appeals from the Superior Court Rules of Civil Procedure and asked the court to dismiss Kelly's appeal with prejudice because it was not filed within thirty days. Even if Rule 6 did not apply, Kelly insisted, there was excusable neglect because the probate court did not certify the record until April 11, 2022.

After a hearing, the motion to dismiss was granted. The hearing justice reasoned that Rule 6 does not apply to the calculation of time when filing a probate appeal due to Rule 81's provision that the Superior Court Rules of Civil Procedure do not apply "during the process and pleading stages" of probate appeals. The hearing justice explained that he was "not sure what else there is in a case other than the process and pleading stages, and certainly the process could be looked at as the filing of the [probate] appeal itself." The hearing justice relied on this Court's holding in *Griggs v. Estate of Griggs*, 845 A.2d 1006 (R.I. 2004), wherein weekend days were included when counting the thirty-day time frame for appeal, and ultimately concluded that Kelly's appeal was not timely because it was filed thirty-two days after the order.[3] *Griggs*, 845 A.2d at 1009-10. On July 14, 2022, an order

---

the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday." Super. R. Civ. P. 6(a).

[3] The petitioners in *Griggs v. Estate of Griggs*, 845 A.2d 1006 (R.I. 2004), sought an extension of the initial deadline to perfect their appeal from the probate court to allow additions to be made to the record. *Griggs*, 845 A.2d at 1009-10. We held that the Superior Court lacked authority to grant the extension as the deadlines for appealing an order of the probate court to the Superior Court are jurisdictional and

was entered dismissing Kelly's probate appeal. Thereafter, Kelly filed a timely notice of appeal.

## Standard of Review

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Jenkins v. City of East Providence*, 293 A.3d 1267, 1270 (R.I. 2023) (brackets omitted) (quoting *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 277 (R.I. 2011)). This Court has previously held that the same standard that applies to a Rule 12(b)(6) motion to dismiss will apply to a motion to dismiss a probate appeal. *Mendes v. Factor*, 41 A.3d 994, 1000 (R.I. 2012). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Jenkins*, 293 A.3d at 1270 (quoting *Narragansett Electric Company*, 21 A.3d at 278). "We thus are confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor." *Id.* (quoting *Narragansett Electric Company*, 21 A.3d at 278). "A motion to dismiss may be granted only 'if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts.'" *Id.* (brackets omitted) (quoting *Narragansett Electric Company*, 21 A.3d at 278).

---

may not be extended, except for purposes of extending the time to file a transcript. *Id.* The issue before us concerns whether the computation of time for the thirty-day deadline is tolled when the last day for filing falls on a Saturday, Sunday, or legal holiday.

Nevertheless, "[t]his Court considers questions involving the timing of appeals brought under § 33-23-1 as statute of limitations questions." *Estate of Garan*, 249 A.3d 1254, 1258 (R.I. 2021) (quoting *Estate of Hart v. LeBlanc*, 853 A.2d 1217, 1218 (R.I. 2004)). "Thus, our review is also *de novo* for such questions of 'statutory interpretation, including the question of whether a statute of limitations has run against a plaintiff's claim.'" *Id.* (quoting *Kelley v. Jepson*, 811 A.2d 119, 121 (R.I. 2002)). "When a statute is 'clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" *In re Estate of Chelo*, 209 A.3d 1181, 1184 (R.I. 2019) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996)).

**Discussion**

On appeal, Kelly argues that, although Rule 81 exempts probate appeals from the Superior Court Rules of Civil Procedure during the process and pleading stages, the filing of a probate appeal may not fall into that category. In support of her argument, Kelly relies on this Court's holding in *McAninch v. State of Rhode Island Department of Labor and Training*, 64 A.3d 84 (R.I. 2013). In *McAninch*, we held that "Rule 6(a) applies to the Superior Court's review of administrative decisions." *McAninch*, 64 A.3d at 89. Kelly argues that under Rule 6 she had until Monday, April 11, 2022, to file because the thirtieth day was Saturday, April 9, 2022.

For his part, Michael argues that this Court should affirm the hearing justice's dismissal of Kelly's probate appeal because her failure to proceed in a timely fashion cannot be overlooked by a sympathetic judge. Michael insists that Rule 81 specifically exempts probate appeals from the application of Rule 6.

When appealing a probate court order or decree to the Superior Court pursuant to § 33-23-1, the claim of appeal must be filed with the probate court within twenty days of the execution of the order or decree. Section 33-23-1(a)(1). The appellant then has thirty days after the entry of the order or decree to file a certified copy of the claim and the reasons of appeal with the Superior Court. Section 33-23-1(a)(2). "This Court has long interpreted the procedural requirements for filing a probate appeal as mandating strict compliance." *Estate of Garan*, 249 A.3d at 1258; *see also Dugdale v. Chase*, 52 R.I. 63, 64, 157 A. 430, 430-31 (1931) (holding that, "the statutory procedure authorizing an appeal from the probate court to the [S]uperior [C]ourt must be strictly complied with"). The deadlines in § 33-23-1(a)(1) and (2) are jurisdictional and may not be extended "by a sympathetic trial justice," nor may the court overlook an appellant's noncompliance. *Ims v. Audette*, 40 A.3d 236, 238 (R.I. 2012) (quoting *Griggs*, 845 A.2d at 1009). This Court has stated that "the purpose of requiring a party to file the reasons of appeal is, first, to provide notice to the opposing party of what is at issue, and second, to restrict the appellant during his

or her appeal to only the issues listed within the reasons for appeal." *Estate of Garan*, 249 A.3d at 1259 (brackets omitted) (quoting *Mendes*, 41 A.3d at 1002).

This appeal centers on whether the computation of time for the thirty-day deadline is tolled when the last day for filing falls on a Saturday, Sunday, or legal holiday. Rule 6 of the Superior Court Rules of Civil Procedure provides that "[t]he last day of the period is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday." Super. R. Civ. P. 6(a). Nevertheless, Rule 81 specifically exempts probate appeals from the application of the Superior Court Rules of Civil Procedure. Super. R. Civ. P. 81(a)(1)(A) ("These rules do not apply during the process and pleading stages to * * * [p]robate appeals[.]").

This Court has long recognized some measure of flexibility in the context of probate appeals.

> "The rule is this: Whenever by a rule of court or an act of the legislature a given number of days are allowed to do an act, or it is said an act may be done within a given number of days, the day in which the rule is taken or the decision made is excluded, and if one or more Sundays occur within the time they are counted unless the last day falls on Sunday, in which case the act may be done on the next day." *Barnes v. Eddy*, 12 R.I. 25, 26 (1878) (internal quotation marks omitted).

Likewise, the rule is applicable to legal holidays. *Cook v. Greenlaw*, 58 R.I. 402, 404, 193 A. 494, 495 (1937).

Therefore, it is appropriate to toll the time period when the last day falls on a weekend or legal holiday in order to give appellants "the full benefit of all the time allowed, even though it may be necessary to that end to give an additional day." *Barnes*, 12 R.I. at 26. The thirtieth day for filing Kelly's probate appeal fell on Saturday, April 9, 2022. As such, the hearing justice's decision afforded Kelly only twenty-nine days to file her appeal because the Superior Court clerk's office is closed on weekends. Under the clear and unambiguous language of § 33-23-1(a)(2), Kelly was entitled to thirty days to file her appeal to the Superior Court.[4]

## Conclusion

For the reasons set forth in this opinion, we vacate the order of the Superior Court. The papers in the case are remanded to the Superior Court with our decision endorsed thereon for further proceedings consistent with this opinion.

---

[4] Other jurisdictions agree. *See Wade v. Dworkin*, 407 P.2d 587, 589 (Alaska 1965) ("At common law it was established if the last day on which an act was to be performed fell on a Sunday, then that Sunday was excluded and the time was extended to the following day."); *see also Pettigrove v. Parro Construction Corp.*, 194 N.E.2d 521, 523-24 (Ill. App. Ct. 1963) (excluding Saturdays from the final day of a time period because most clerks' offices are closed on the weekends).

- 8 -



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Kelly Maltais v. Michael Maltais. |
| **Case Number** | No. 2022-316-Appeal.<br>(PP 22-2078) |
| **Date Opinion Filed** | January 11, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Appellant:<br><br>Edward R. McCormick, III, Esq. |
| | For Appellee:<br><br>Stephen P. Levesque, Esq. |