December 20, 2018

**Supreme Court**

No. 2017-155-Appeal.
(PC 16-3967)

Augustina Mokwenyei              :

              v.              :

Rhode Island Hospital.              :

NOTICE:    This opinion is subject to formal revision before
publication in the Rhode Island Reporter.  Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island, 250
Benefit Street, Providence, Rhode Island 02903, at Telephone 222-
3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Augustina Mokwenyei          :

v.          :

Rhode Island Hospital.          :

Present: Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  This appeal presents the issue of whether a plaintiff's request for a right-to-sue letter from the Rhode Island Commission for Human Rights (the commission) can be timely made only when submitted in the form requested by the commission.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

**I**

**Facts and Travel**

On August 23, 2016, the plaintiff, Augustina Mokwenyei, filed a complaint alleging that the defendant, Rhode Island Hospital, terminated her employment in 2013 "because of her race, ancestral origin, and age[,]" in violation of the Fair Employment Practices Act, G.L. 1956 chapter 5 of title 28 (FEPA), and the Rhode Island Civil Rights Act, G.L. 1956 chapter 112 of title 42 (RICRA).  The plaintiff alleged that she had been employed by defendant from 1989

until March 15, 2013, when she "was forced, under threat of being fired, to sign a resignation letter which she did not write."

The defendant moved to dismiss the complaint on the basis that neither of plaintiff's claims were timely initiated in Superior Court—the RICRA claim because it was filed more than three years after plaintiff's termination, and the FEPA claim because she had not properly and timely requested a right-to-sue letter from the commission as required by § 28-5-24.1. The defendant attached three exhibits to its motion: a copy of plaintiff's complaint; a September 20, 2013 letter from the commission to defendant requesting a full response to the charge of discrimination that plaintiff had filed with the commission on September 11, 2013; and a March 30, 2015 letter from the commission to Rhode Island Hospital advising it that no probable cause had been found to support plaintiff's charge of discrimination. The latter letter included a one-page insert entitled "Options for Complainant Following a No Probable Cause Ruling – Co-Filed Cases."

The commission moved to intervene in the case as a party defendant pursuant to Rule 24(a)(2) and Rule 24(b) of the Superior Court Rules of Civil Procedure. At the same time, the commission filed a motion to dismiss plaintiff's FEPA claim on the basis that plaintiff had neither appealed from the commission's finding of no probable cause nor complied with the required timeframe for requesting a right-to-sue letter. The commission attached one exhibit to its motion: its faxed response to plaintiff's request for the right-to-sue letter, including a form for plaintiff's signature and a request that it be signed and returned to the commission.

The plaintiff's objection to the motions to dismiss simply stated that plaintiff had timely requested a right-to-sue letter from the commission and, once she received the letter,

subsequently timely filed a complaint in Superior Court.[1] The plaintiff attached one document to her objection: a copy of her counsel's April 10, 2015 letter to the commission requesting the issuance of a right-to-sue letter, which was accompanied by an affidavit signed by plaintiff stating that she wanted her counsel to prepare a right-to-sue letter.

A hearing on these motions was held in Superior Court on December 15 and 16, 2016,[2] and focused primarily on defendant's and intervenor's arguments that plaintiff's FEPA claim must be dismissed because plaintiff had failed to properly and timely request the right-to-sue letter on the form prepared by the commission for plaintiff's signature. The plaintiff argued that the right-to-sue letter was timely requested from the commission on April 10, 2015, but that the request had not been submitted in the form preferred by the commission, so the commission faxed the proper form to plaintiff's counsel for plaintiff's signature. The plaintiff's attorney admitted that plaintiff had not returned this completed form because this task "fell through the cracks" at the attorney's office. After plaintiff's first attempt to initiate litigation in Superior Court was dismissed by stipulation (*see* footnote 1, *supra*), plaintiff received a right-to-sue letter from the commission on July 22, 2016. In addition, plaintiff conceded that she did not have a tenable objection to defendant's argument that the statute of limitations had expired on her RICRA claim.

---

[1] The plaintiff's objection to the motions was filed in error in a previously dismissed case. The plaintiff apparently had filed the same complaint prior to receiving the right-to-sue letter from the commission, and that case was docketed in the Superior Court as No. PC-2016-3095. After defendant filed a motion to dismiss in that case based on plaintiff's failure to obtain a right-to-sue letter from the commission before initiating litigation in Superior Court, the parties submitted a stipulation agreeing to dismiss that case, without prejudice.

[2] The plaintiff has only provided us with the transcript from the second day of the hearing, December 16, therefore the record on appeal does not include a transcript from the first day of the hearing.

After reviewing the submitted written communications between the parties pertaining to the processing of plaintiff's charge of discrimination with the commission and plaintiff's request for a right-to-sue letter from the commission, the hearing justice granted Rhode Island Hospital's and the commission's motions to dismiss. The hearing justice reasoned that plaintiff had not timely requested the right-to-sue letter because plaintiff had allowed more than one year to elapse between receiving the proper form for the request of the right-to-sue letter from the commission and returning the form so she could obtain the letter and proceed to file her complaint in Superior Court. Final judgment entered in favor of defendant on January 3, 2017, and plaintiff timely filed a notice of appeal to this Court.

## II

### Standard of Review

A threshold issue before us is the appropriate legal standard under which to consider the issue presented to us. The hearing justice granted defendant's and intervenor's motions to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. It is well settled that a Rule 12(b)(6) motion has a narrow and specific purpose: "to test the sufficiency of the complaint." *Multi-State Restoration, Inc. v. DWS Properties, LLC*, 61 A.3d 414, 416 (R.I. 2013) (quoting *Laurence v. Sollitto*, 788 A.2d 455, 456 (R.I. 2002)). When a hearing justice rules on such a motion, he or she is to "look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubts in a plaintiff's favor." *Id.* (quoting *Laurence*, 788 A.2d at 456). If "it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim[,]" then the motion to dismiss may be granted. *Rein v. ESS Group, Inc.*, 184 A.3d 695, 699 (R.I. 2018) (quoting *Goddard v. APG Security–RI, LLC*, 134 A.3d 173, 175 (R.I.

2016)).  However, if "matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56 * * *." *Multi-State Restoration, Inc.*, 61 A.3d at 417 (emphasis added) (quoting Super. R. Civ. P. 12(b)(6)); *see also DeSantis v. Prelle*, 891 A.2d 873, 876 (R.I. 2006).

When the hearing justice granted the motions to dismiss brought by defendant and the commission, she considered several documents attached to each motion, as well as an exhibit attached to plaintiff's objection to the motions.  She relied on the information provided in these documents to establish the timeline of the communications between plaintiff and the commission so that she could determine whether plaintiff had timely requested the required right-to-sue letter. However, the only relevant date explicitly provided within the four corners of the complaint was July 22, 2016, the date on which plaintiff obtained the right-to-sue letter.  The hearing justice also relied exclusively on federal district court cases in which district court judges had considered federal agency charges, dismissals, and right-to-sue notices when they decided whether to grant motions to dismiss based on failure to comply with statutory timeframes in cases alleging discrimination.

To be sure, this Court often looks to federal jurisprudence for guidance or interpretation of our own rules of civil procedure, especially when the state rule and federal rule are substantially similar. *Chhun v. Mortgage Electronic Registration Systems Inc.*, 84 A.3d 419, 422 (R.I. 2014).  But this Court was clear in *Chhun* that it was not adopting the federal courts' recently "altered" interpretation of the legal standard employed with respect to a Rule 12(b)(6) motion to dismiss. *Chhun*, 84 A.3d at 422 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, we have repeatedly held that, when a motion to dismiss includes documents as exhibits that were either mentioned or

referred to in a complaint but not expressly incorporated, and the hearing justice does not "explicitly exclude them from * * * consideration," the motion "automatically" converts to one for summary judgment. *Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 477 (R.I. 2018) (citing *Bowen Court Associates v. Ernst & Young, LLP*, 818 A.2d 721, 726 (R.I. 2003)); *see also Leone v. Mortgage Electronic Registration Systems*, 101 A.3d 869, 873 (R.I. 2014); *Multi-State Restoration, Inc.*, 61 A.3d at 418; *DeSantis*, 891 A.2d at 876.

We have previously noted, however, the First Circuit Court of Appeals' "narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 973 (R.I. 2017) (quoting *Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance Co.*, 267 F.3d 30, 33 (1st Cir. 2001)); *see Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1126 (R.I. 2018). To be more precise, if "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), [then] that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005) (quoting *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)). In the context of employment discrimination claims, these documents have included correspondence between an attorney and an administrative agency as well as from a claimant to an employer. *See id.* In *Jorge*, the court identified a notice-of-intent-to-sue letter to the Equal Employment Opportunity Commission and a notice of retirement from a claimant to her employer as documents that could be considered without converting the motion to dismiss to a motion for

summary judgment because the first notice showed that the claimant had failed to exhaust the required administrative remedies for one of her claims, and the second notice informed the court's analysis of the actual accrual date for the other claim asserted in the complaint. *Id.* at 559, 561-62, 564-65.

In the case at bar, the correspondence attached to the motions to dismiss were relied on exclusively to support defendant's and intervenor's arguments that the form of plaintiff's request for the right-to-sue letter was inadequate. The plaintiff's complaint refers explicitly to two letters: plaintiff's letter of resignation, which she alleges she was forced to sign, and the right-to-sue letter from the commission that she had "received" on July 22, 2015. There is no allegation in the complaint that plaintiff timely requested the letter; the complaint simply alleges that she received it on a particular date. At the hearing on the motions to dismiss and in the hearing justice's subsequent decision rendered from the bench, the hearing justice specifically considered and relied on other correspondence attached as exhibits to the motions to dismiss, including the no-probable-cause letter from the commission to Rhode Island Hospital, plaintiff's counsel's letter to the commission requesting the right-to-sue letter, and the commission's faxed response requesting plaintiff's signature on a prepared form. These items of correspondence are not central to plaintiff's claims or ones that the complaint's factual allegations are "expressly linked to" or "dependent upon." *Jorge*, 404 F.3d at 559 (quoting *Beddall*, 137 F.3d at 17). Because the documents considered by the hearing justice are not ones that fall squarely within one of the narrow exceptions discussed above, *see id.*; *Beddall*, 137 F.3d at 17, the hearing justice should

have expressly converted the motions to dismiss to motions for summary judgment. *See Multi-State Restoration, Inc.*, 61 A.3d at 418; *DeSantis*, 891 A.2d at 876.[3]

In these situations, we treat the judgment dismissing the complaint as an entry of summary judgment for defendant, and we employ the standard for reviewing a grant of summary judgment when we review the hearing justice's grant of the motion. *See Multi-State Restoration, Inc.*, 61 A.3d at 418; *DeSantis*, 891 A.2d at 876. This Court reviews the grant of a summary judgment motion *de novo* and "affirm[s] a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Correia v. Bettencourt*, 162 A.3d 630, 635 (R.I. 2017) (second alteration in original) (quoting *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016)). In addition, "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Newstone Development, LLC*, 140 A.3d at 103).

---

[3] We pause briefly to acknowledge that we have affirmed a hearing justice's grant of a motion to dismiss a complaint after he explicitly considered a document not attached to the complaint but necessary to the resolution of the argument presented without converting the motion to one for summary judgment. *See Pontarelli v. Rhode Island Department of Elementary and Secondary Education*, 176 A.3d 472, 478 (R.I. 2018). We were clear in our reasoning, however, that, despite our general rule for automatic conversion, the hearing justice in that case had explicitly and reasonably justified his decision not to convert the motion, and we limited our holding in that case to the narrow circumstances presented therein. *Id.* at 476-77, 478.

## III

## Discussion

The plaintiff argues that the hearing justice's dismissal of her FEPA claim was in error because she timely requested the right-to-sue letter from the commission pursuant to both § 28-5-24.1 and Rule 17 of the commission's Rules and Regulations.[4] Even though almost fifteen months elapsed between plaintiff's initial request for the letter and the commission's issuance of the letter, plaintiff emphasizes that the commission did in fact issue the letter and plaintiff then timely filed her complaint in Superior Court. The plaintiff asserts it was the commission that failed to comply with the statute because the letter was not issued within the thirty days prescribed by § 28-5-24.1 and required by Rule 17.

The defendant argues that the dismissal of plaintiff's complaint should be affirmed because plaintiff failed to satisfy a statutory prerequisite to her FEPA claim. The defendant contends that plaintiff's April 10, 2015 letter was not a valid request because it was not made personally by plaintiff and did not include an acknowledgment that she understood her request for the letter would terminate all proceedings before the commission on the charge she filed. According to defendant, the commission advises complainants that they must contact their investigator to obtain the proper forms for requesting the right-to-sue letter and that the commission has a standard form for complainants to complete and sign. The defendant asserts (and plaintiff agrees) that the commission's response to plaintiff's April 10, 2015 request for the letter was to fax the standard forms to plaintiff's counsel for signature, and request that the

---

[4] The plaintiff does not argue that the hearing justice erred by dismissing her RICRA claim for failure to initiate the claim within three years of the alleged violation in accordance with G.L. 1956 chapter 112 of title 42. We therefore contend only with the dismissal of plaintiff's FEPA claim.

- 9 -

signed form be returned to the commission. There is no dispute that plaintiff did not complete and return these forms to the commission within the statutorily prescribed timeframe.

The commission, as intervenor, filed a prebriefing statement arguing that the dismissal of plaintiff's complaint should be affirmed because she did not properly request a right-to-sue letter within the required timeframe. The commission asserts that its requirements—that the request for a right-to-sue letter include an original signature from the complainant and an acknowledgment of the consequences of the request—are a reasonable exercise of the authority bestowed on it by § 28-5-13(5) to formulate policies that effectuate the purposes of FEPA.

The timing requirement for the right-to-sue letter is provided in § 28-5-24.1(a), which states:

> "A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the commission has been unable to secure a settlement agreement or conciliation agreement and if the commission has not commenced hearing on a complaint. The commission shall grant the right to sue within thirty (30) days after receipt of the request. This shall terminate all proceedings before the commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in § 28-5-28 within ninety (90) days after the granting of the request. Any party may claim a trial by jury."

Beyond establishing the timeframe for the request for permission to bring to the Superior Court the claim alleged in a charge to the commission, § 28-5-24.1 is silent as to the form and content of the request. Section 28-5-24.1 also does not provide any discretion on the part of the commission—"[t]he commission *shall* grant the right to sue within thirty (30) days after receipt of the request." (Emphasis added.) Pursuant to § 28-5-13(4), the commission may, of course, "promulgate * * * rules and regulations to effectuate * * * [its] policies and practice[s] * * *"; but the commission's corresponding rule governing right-to-sue-letter requests simply parrots the

statutory language without adding any details regarding the required form or content of the request. *See* Rule 17.[5]

Because the motions to dismiss should have been automatically converted to motions for summary judgment, the issue before us is whether a genuine issue of material fact exists regarding whether plaintiff's initial request to the commission for the right-to-sue letter was sufficient to deem her request timely submitted, when the additional form required by the commission—but not required by statute—was not submitted within the two years prescribed by § 28-5-24.1.

A review of the documents filed with the motions to dismiss and plaintiff's objection in the Superior Court indicates that the commission advises complainants about its requirement for an acknowledgment of the consequences for requesting the right-to-sue letter by way of an insert with its letter advising the parties of its decision finding no probable cause to support a charge filed by a complainant. Indeed, Rhode Island Hospital received this insert with its letter from the commission advising it that the commission had not found probable cause in the discrimination

---

[5] The Rhode Island Commission for Human Rights publishes its rules and regulations on its website, www.richr.ri.gov. Rule 17.01 states:

> "A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after the receipt of such request. This shall terminate all proceedings before the commission and shall give to the complainant the right to commence suit in the Superior Court within any county as provided in Section 28-5-28 within ninety (90) days after the granting of the request. Any party may claim a trial by jury."

http://www.richr.ri.gov/documents/Rule17.pdf (last visited December 19, 2018).

charge filed by plaintiff. The one-page insert, entitled "Options for Complainant Following a No Probable Cause Ruling – Co-Filed Cases," includes a paragraph that reads, in part:

> "If the complainant's charge was filed with the Commission less than two years ago, the complainant may request a notice of right to sue in **state** court. The complainant must contact his/her former investigator to get the request forms and the request forms must be filed within two years of the date the charge was filed." (Emphasis in original.)

There is no indication in the record, however, as to whether plaintiff received the same insert. We do know that, upon receipt of plaintiff's request for the letter, the commission sent a fax with a specific form for a right-to-sue letter, along with instructions in the fax transmittal sheet that plaintiff's counsel "return the original signed documents to the [c]ommission." The commission's so-called "requirement" for an original signature, therefore, is only apparent in the personal note on the fax transmittal sheet, and not in any of its regulations or on the one-page insert.

There is no dispute that § 28-5-24.1 mandates only the timeframe in which the request must be made. The same can be said for the commission's published Rules and Regulations. There is also no dispute that the plaintiff did request a right-to-sue letter from the commission within the two years prescribed by § 28-5-24.1 and that, most importantly, despite the correspondence with the plaintiff, the commission eventually issued the right-to-sue letter. Once this letter was in the plaintiff's hand, she filed her complaint in Superior Court well within the ninety days prescribed by § 28-5-24.1. Based upon our *de novo* review of the record, we conclude that the plaintiff complied with the statutory requirements for commencing a FEPA violation action in Superior Court, and that summary judgment was erroneously granted to the defendant and the commission.

## IV

## Conclusion

For the reasons stated herein, we vacate the Superior Court's judgment and remand the case to the Superior Court for proceedings consistent herewith.

Justice Goldberg did not participate.

# SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Augustina Mokwenyei v. Rhode Island Hospital. |
| **Case Number** | No. 2017-155-Appeal.<br>(PC 16-3967) |
| **Date Opinion Filed** | December 20, 2018 |
| **Justices** | Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Bradley M. Orleck, Esq.<br><br>For Defendant:<br><br>James A. Musgrave, Esq.<br>Francis A. Gaschen, Esq. |