June 13, 2023

Ronald J. Resmini          :

v.                         :

Verizon New England Inc.   :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email   opinionanalyst@courts.ri.gov,   of   any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

Ronald J. Resmini          :

v.          :

Verizon New England Inc.          :

Present:  Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  This is an appeal from the Superior Court's grant of the motion to dismiss of the defendant, Verizon New England Inc. (Verizon), dismissing with prejudice the complaint of the plaintiff, Ronald J. Resmini.  That complaint related to a billing dispute over a particular telephone service contract.  The case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After considering the written and oral submissions of the parties and after carefully reviewing the record, we are of the opinion that this appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

It is undisputed that, on January 25, 1989, Verizon entered into a contract with plaintiff to provide "private line service" connecting a dedicated telephone line from plaintiff's residence to the Barrington Police Station, which was then located on County Road in Barrington, Rhode Island. The purpose of that telephone line was to alert the police in the event of a break-in at plaintiff's residence.

On June 23, 2021, plaintiff filed a two-count complaint in the Providence County Superior Court, alleging false representation and breach of contract. The plaintiff alleged that Verizon had continued to bill him for the telephone line, even though it had been disconnected by Verizon "at some time in the year 2001 * * *." The plaintiff further alleged that Verizon had failed to notify him that the telephone line had been disconnected and that Verizon "knowingly fraudulently misrepresented" that the disconnected telephone line was in good working order and continued to bill him for it, even though Verizon "knew or should have known" that the telephone line had been disconnected.

On September 14, 2021, Verizon filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure on the grounds that plaintiff's claims were "barred by the doctrine of account stated" and

by the statute of limitations. Additionally, Verizon's motion to dismiss contended that plaintiff would be unable to prove an element that was essential to each of his claims.[1] Notably, Verizon attached to its motion the affidavit of one Yolande Sandy, a Verizon analyst with personal knowledge of plaintiff's account.[2]

On October 14, 2021, plaintiff filed an objection to Verizon's motion to dismiss, which objection was accompanied by plaintiff's affidavit. Later that same day, plaintiff "refiled" his objection accompanied by his "Corrected Affidavit."[3] In that affidavit, plaintiff stated that, in early December of 2020, during a conversation with Bob Sacoccio, whose company provided alarm services to plaintiff, plaintiff learned for the first time

> "that the security alert system should have terminated when the Barrington Police Station on County Road had been destroyed roughly 15 years ago, and that this telephone connection * * * with the County Road Barrington Police Station [which] I had been paying for had not been able to alert the Barrington Police Station of

---

[1]   Verizon contended that, because the telephone line "remained active" until plaintiff requested that it be deactivated, he could neither prove that Verizon's representations were false nor that Verizon breached any contractual relationship with him.

[2]   Ms. Sandy averred (1) that the telephone line had been in constant service since January 25, 1989; (2) that Verizon did not disconnect the service in 2001; and (3) that Verizon disconnected the service on April 9, 2021 at plaintiff's request.

[3]   We shall hereinafter treat plaintiff's "Corrected Affidavit" as his operative affidavit, and we shall simply refer to it as we would to any other affidavit.

a break-in since said destruction, and that all billing for that service should have ended."

In his affidavit, plaintiff further averred that the "sole purpose" of the telephone line was for "alerting the Barrington Police Station in the event of a break-in to [his] residence * * *."

The plaintiff also submitted an affidavit dated October 5, 2021 from Mr. Sacoccio. In that affidavit, which accompanied plaintiff's objection to Verizon's motion to dismiss, Mr. Sacoccio attested that he had provided the security system at plaintiff's residence about thirty years previously, which used the telephone line installed by Verizon to connect plaintiff's burglar alarm system to the Barrington Police Station on County Road. Mr. Sacoccio further attested that, when the police station was relocated to another location in Barrington about fifteen years previously, "the alarm line connecting [plaintiff's] residence to [the police station] on County Road automatically terminated." Mr. Sacoccio also averred that he provided this information to plaintiff in 2020 when he contacted him.[4]

Significantly, in the memorandum accompanying his objection to Verizon's motion to dismiss, plaintiff stated that "if the [c]ourt were to find that the plaintiff's

---

[4] In his own affidavit, plaintiff averred that this conversation with Mr. Sacoccio in 2020 was the first time that he had learned that the telephone line should have terminated when the police station on County Road was demolished approximately fifteen years earlier. The plaintiff added that Verizon had never informed him that the telephone line "was no longer available to provide [him] with a telephone connection capable of alerting the Barrington Police Station of any break-ins" at his residence.

affidavits do not present facts essential to justify the plaintiff's opposition, pursuant to Rule 56(f) [plaintiff] would request an opportunity to conduct further discovery given the young age of the case."

Verizon's motion to dismiss was heard in the Superior Court on January 12, 2022; and, on that same date, the hearing justice rendered a bench decision dismissing plaintiff's complaint in its entirety with prejudice. The hearing justice stated that "to assess whether the statute of limitations has run, this [c]ourt will have to look at the evidence. And based upon that, the [c]ourt is going to grant defendant's motion to dismiss." Judgment did not enter until January 12, 2023.

The plaintiff filed a timely notice of appeal.

## II

### Issues on Appeal

The plaintiff argues on appeal that the hearing justice failed to identify with specificity the "evidence" on which he predicated his decision to grant the motion to dismiss. He further contends that, if the hearing justice converted the motion to dismiss to one for summary judgment, then he erred by granting summary judgment in favor of Verizon because "there were numerous issues of fact" that militated against the granting of summary judgment. Among the issues of fact to which plaintiff pointed was the need to determine which party was obliged "to exercise diligence in making sure the service was operational."

## III

## Standard of Review

It is well established that "[i]n reviewing a hearing justice's decision with respect to a Rule 12(b)(6) motion to dismiss, this Court examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff." *Palazzo v. Alves*, 944 A.2d 144, 149 (R.I. 2008). In addition, we have stated that "[t]he sole function of a motion to dismiss is to test the sufficiency of the complaint," and we have further stated that a Rule 12(b)(6) motion is appropriately granted "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Id.* at 149-50 (internal quotation marks omitted). However, Rule 12(b) also explicitly provides that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Super. R. Civ. P. 12(b).[5]

---

[5] *See Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 22 (R.I. 2018) ("[W]hen a motion to dismiss includes documents as exhibits that were either mentioned or referred to in a complaint but not expressly incorporated, and the hearing justice does not explicitly exclude them from consideration, the motion

We review rulings granting summary judgment in a *de novo* manner. *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016). In doing so, we employ "the same standards and rules used by the hearing justice." *Id.* (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). And we "review the evidence in a light most favorable to the nonmoving party and will affirm the judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009). It should also be borne in mind that "[s]ummary judgment is a drastic remedy * * * [which] should be dealt with cautiously." *Polanco v. Lombardi*, 231 A.3d 139, 144 (R.I. 2020) (quoting *Employers Mutual Casualty Co. v. Arbella Protection Insurance Co.*, 24 A.3d 544, 553 (R.I. 2011)).

## IV

## Analysis

We first must determine under which standard to review this appeal.[6] It is clear from the record that the hearing justice did not expressly exclude from his

---

automatically converts to one for summary judgment.") (internal quotation marks and deletion omitted).

[6] It is important to keep in mind that the hearing justice stated that, in order "to assess whether the statute of limitations has run, *this [c]ourt will have to look at the evidence. And based upon that, the [c]ourt is going to grant defendant's motion to dismiss."* (Emphasis added.) It is our view that the motion filed pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure was converted *sub silentio* to a motion for summary judgment.

- 7 -

consideration the materials submitted by the parties outside the pleadings—namely, the affidavits attached to the memoranda of both parties. As such, Verizon's motion to dismiss was automatically converted to a motion for summary judgment. *Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 22-23 (R.I. 2018); *see generally Bethlehem Rebar Industries, Inc. v. Fidelity and Deposit Company of Maryland*, 582 A.2d 442, 444 (R.I. 1990).

Accordingly, we proceed to review the judgment of the Superior Court pursuant to the well-settled Rule 56 standards. Since plaintiff is the "nonmoving" party, we view the evidence in the light most favorable to him and will affirm only if Verizon is entitled to judgment as a matter of law. *Mokwenyei*, 198 A.3d at 23.

Upon reviewing the record, it is clear to us that there were issues of material fact that should have precluded the hearing justice from granting summary judgment. The first and most basic bone of contention between the parties is whether the terms of the parties' contract charged Verizon or plaintiff with the obligation to exercise diligence in monitoring the continued operability of the telephone line. Indeed, Verizon has conceded that the parties dispute this issue, but it contends that the issue is not material to the instant dispute. It is our view, however, that this dispute does constitute a genuine issue of material fact that is relevant to the resolution of each of the two counts in the complaint. *See Botelho v. City of Pawtucket School Department*, 130 A.3d 172, 177-78 (R.I. 2016).

Another contested issue is the question of when exactly the service line terminated and when the Barrington Police Station was demolished. Verizon's employee, Ms. Sandy, stated in her affidavit that the line remained active until 2021, but plaintiff stated in his affidavit that it should have automatically terminated some time in the early 2000s. These conflicting statements in the parties' affidavits reflect another genuinely disputed issue of material fact.

For these reasons, it is our opinion that the hearing justice erred in granting Verizon's motion to dismiss, which had been converted *sub silentio* to a motion for summary judgment. *See Botelho*, 130 A.3d at 178 ("Since the purpose of the summary-judgment procedure is to identify disputed issues of fact necessitating trial, and not to resolve such issues, the issue of material fact in this case should have precluded the grant of summary judgment in favor of the plaintiffs.") (brackets and internal quotation marks omitted).

## V

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court and remand this case to that tribunal for further proceedings consistent with this opinion. The record shall be returned to the Superior Court.

Justice Lynch Prata did not participate.

- 9 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Ronald J. Resmini v. Verizon New England Inc. |
| **Case Number** | No. 2022-32-Appeal.<br>(PC 21-4156) |
| **Date Opinion Filed** | June 13, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Charles N. Garabedian, Esq.<br>For Defendant:<br><br>Matthew S. Prunk, Esq. |

SU-CMS-02A (revised November 2022)