February 25, 2025

**Supreme Court**

No. 2024-53-Appeal.
(PC 23-1796)

Richard Paiva          :

v.          :

Lynne Corry, in her official capacity as  :
    Warden of the Maximum Security
              Facility.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard Paiva          :

v.              :

Lynne Corry, in her official capacity as  :
Warden of the Maximum Security
Facility.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, Richard Paiva, appeals from a judgment of the Superior Court in favor of the defendant, Lynne Corry, in her official capacity as warden of the maximum-security facility at the Adult Correctional Institutions, following the grant of the defendant's motion to dismiss the plaintiff's amended complaint. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

- 1 -

# I

## Facts and Travel

The plaintiff, who is currently incarcerated at the ACI, filed this suit against defendant in Providence County Superior Court on April 18, 2023. In his amended complaint, filed on August 17, 2023, plaintiff sought a declaratory judgment and either a writ of mandamus or an injunction. Corry was the sole named defendant.

The plaintiff based his cause of action on Department of Corrections (DOC) policy 12.27-1(IV)(D)(4)-(5), which provides for certain "conditions of confinement." At issue here is the portion of the policy that states that, absent "exigent circumstances which affect the operation of the facility(s)" the members of the general population at the maximum-security facility are to receive a "daily minimum out-of-cell time[]" of "8.5 hours." (Emphasis omitted.) The plaintiff argued that this policy was a legislative rule and, thus, had the force of law and was as binding on the courts as a statute. The plaintiff sought relief in the form of declarations that the policy provided plaintiff with the right to a minimum out-of-cell time of 8.5 hours a day and that the policy was in fact a legislative rule with the force of law. Additionally, plaintiff sought either a writ of mandamus or an injunction requiring that defendant provide plaintiff with this minimum out-of-cell time, absent exigent circumstances.

The defendant thereafter filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. In her corresponding memorandum, defendant argued that plaintiff failed to state a claim upon which relief might be granted because the internal policies of the DOC do not create a private cause of action. Furthermore, defendant contended that prison officials are afforded deference when making decisions that affect the security and safety of the facility, such as the policy in question, and that, because the promulgation of DOC policies is a discretionary function, a writ of mandamus would not be proper. Finally, defendant submitted that declaratory judgment also could not be granted because the DOC director is an indispensable party and was not named in the complaint.

In response, plaintiff asserted that a private cause of action under the policy was not required because plaintiff had a personal stake in the case and was entitled to relief under the Rhode Island Constitution. Additionally, plaintiff claimed that, although the director does have discretion in the contents of the policy, once the policy was promulgated it had the force of law. Accordingly, plaintiff maintained that a writ of mandamus was a proper form of relief in this action. Finally, plaintiff contended that, because defendant as warden was charged with the operation of the facility, she was the appropriate party against whom to bring suit.

A hearing on the matter was held on January 24, 2024, before a justice of the Superior Court. On January 31, 2024, the hearing justice entered an order granting

defendant's motion to dismiss. A judgment in favor of defendant entered that same day. This appeal follows.

## II

## Standard of Review

"A motion under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure 'has a narrow and specific purpose: to test the sufficiency of the complaint.'" *Doe v. Brown University*, 253 A.3d 389, 394-95 (R.I. 2021) (quoting *Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 21 (R.I. 2018)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice." *Jenkins v. City of East Providence*, 293 A.3d 1267, 1270 (R.I. 2023) (quoting *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 277 (R.I. 2011)). "The motion to dismiss can be granted only 'if it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.'" *Brown University*, 253 A.3d at 395 (brackets omitted) (quoting *Mokwenyei*, 198 A.3d at 21).

## III

## Discussion

On appeal, plaintiff challenges the hearing justice's grant of defendant's motion to dismiss. First, plaintiff argues that the hearing justice erred in finding that plaintiff did not plead a proper cause of action. Second, plaintiff contends that the

- 4 -

hearing justice erred in declining to find that the DOC policy has the force of law and is as binding on this Court as a statute. Next, plaintiff asserts that the hearing justice erred in declining to issue a writ of mandamus. Finally, plaintiff argues that the hearing justice erred in finding that plaintiff had failed to join the director of the DOC as an indispensable party.

Our appellate review in this case is inhibited by two procedural obstacles. First, plaintiff has failed to provide us with any transcripts. In his papers submitted to this Court, he contends that he has shown good cause for not doing so. We can readily appreciate the challenges of obtaining transcripts and prosecuting a civil action without legal assistance while incarcerated at the ACI. Nevertheless, without the transcripts, we are deprived of any arguments the parties may have advanced in Superior Court and, more significantly, any reasoning that the hearing justice may have articulated.

Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure requires that, "[p]romptly after filing the notice of appeal[,] the appellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit the record." The plaintiff was responsible for "ensur[ing] that the record is complete and ready for transmission." *Boulais v. DiPaola*, 305 A.3d 1270, 1271 (R.I. 2024) (mem.) (quoting *Small Business Loan Fund Corporation v. Gallant*, 795 A.2d 531, 532 (R.I. 2002)). The

docket indicates that a hearing on the motion to dismiss was held and an order granting the motion entered soon thereafter. Although our review of a motion to dismiss under Rule 12(b)(6) is *de novo*, *cf. Jenkins*, 293 A.3d at 1270, we might nonetheless benefit from the consideration of the hearing justice's analysis.

The second procedural hurdle, however, is fatal to plaintiff's complaint for a declaratory judgment. By not adding the director of the DOC as a defendant to the complaint, plaintiff has failed to join an indispensable party. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." General Laws 1956 § 9-30-11. "This [C]ourt has held that this provision is mandatory and that failure to join all persons who have an interest that would be affected by the declaration ordinarily is fatal to an action." *Thompson v. Town Council of Westerly*, 487 A.2d 498, 499 (R.I. 1985). The plaintiff here seeks a declaratory judgment that the policies promulgated by the director of the DOC have the force of law. This Court agrees with defendant that such a declaration would necessarily affect the rights and responsibilities of the director. By plaintiff having failed to join the director as a party, the director has not been afforded the opportunity to protect his or her interests. As such, we are unable to address plaintiff's request for declaratory relief.

Finally, we address plaintiff's request for a writ of mandamus. This Court has already stated that a writ of mandamus is not proper as it relates to the DOC policies describing the conditions of confinement. *See Vidot v. Salisbury*, 315 A.3d 928, 931-33 (R.I. 2024). As we previously explained, "[i]t is a fundamental 'principle that the issuance of a writ of mandamus is both an extreme and an extraordinary remedy.'" *Id.* at 931 (quoting *Nerney v. Town of Smithfield*, 269 A.3d 753, 756 (R.I. 2022)). As such, this remedy is only appropriate "when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has *a ministerial duty* to perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law." *Id.* (footnote omitted) (quoting *Nerney*, 269 A.3d at 756).

"We have described a ministerial function as being 'one that is to be performed by an official in a prescribed manner based on a particular set of facts without regard to or the exercise of his or her own judgment upon the propriety of the act being done.'" *Vidot*, 315 A.3d at 931 n.2 (brackets omitted) (quoting *Nerney*, 269 A.3d at 756). As we said in *Vidot*, "the statute which outlines the duties of the director * * * clearly bestows upon the director a great deal of discretion in the exercise of his or her duties." *Id.* at 931. Additionally, the policy in question, which the director promulgated, also bestows a great deal of discretion upon the wardens of the individual facilities in determining when exigent circumstances exist, which

- 7 -

may allow an alteration of the conditions of confinement. *See id.* at 932. This discretionary function makes a writ of mandamus inappropriate in this action.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Richard Paiva v. Lynne Corry, in her official capacity as Warden of the Maximum Security Facility. |
| **Case Number** | No. 2024-53-Appeal. (PC 23-1796) |
| **Date Opinion Filed** | February 25, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph J. McBurney |
| **Attorney(s) on Appeal** | For State:<br><br>Lionel Joseph Dutreix<br>Department of Attorney General |
| | For Plaintiff:<br><br>Richard Paiva, *pro se* |