January 22, 2026

**Supreme Court**

No. 2025-21-Appeal.
(PC 24-249)

Clifton Peasley       :

v.       :

City of Providence, by and through    :
  its Treasurer, Shomari Husband.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| Clifton Peasley | : |
| v. | : |
| City of Providence, by and through its Treasurer, Shomari Husband. | : |

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** In this appeal, we consider the election of remedies doctrine. Applying this equitable principle, the trial justice dismissed the action for declaratory relief filed by the plaintiff, Clifton Peasley (plaintiff or Peasley). In so doing, the trial justice reasoned that the plaintiff had already employed the grievance process in an effort to challenge the denial of his claim for back pay, which had been previously rendered by the City of Providence (defendant or city). Peasley appealed. We affirm the judgment of the Superior Court.

This case came before the Supreme Court on December 2, 2025, pursuant to an order to show cause. Having reviewed the parties' written and oral arguments,

- 1 -

we conclude that cause has not been shown and we proceed to decide the appeal at this time.

## Background

We glean the relevant facts from plaintiff's complaint as well as from documents (the authenticity of which are not in dispute), official public records, and documents sufficiently referenced in the complaint. *See Montaquila v. Flagstar Bank, FSB*, 288 A.3d 967, 971 (R.I. 2023) (discussing "a narrow exception" for documents outside the complaint that may be considered on a motion to dismiss). We assume the facts averred in plaintiff's complaint are accurate. *Id.*

On April 11, 2018, Peasley, who worked as a tenured teacher for the city, was charged with second-degree child abuse. As a result of this criminal charge, the city promptly placed him on administrative leave with pay. Over a year later, and with the child-abuse charge still pending, the city notified Peasley on October 24, 2019, that he remained suspended pending the resolution of the criminal charge, but that the suspension would now be without pay. Peasley's union, Providence Teachers Union, Local 958, AFT, AFL-CIO (union), responded by filing a grievance alleging that the unpaid suspension was without good and just cause (the unpaid suspension grievance).

In due course, the unpaid suspension grievance proceeded to arbitration, and an award issued that the city had "good and just cause to suspend the grievant,

- 2 -

Clifton Peasley[,] without pay pending the outcome of [the] criminal charge[] against him." On June 29, 2021, the union filed a petition in the Superior Court seeking to vacate the arbitration award; subsequently, the city filed an objection and a counterclaim requesting that the arbitrator's award be confirmed.

On February 15, 2023, the criminal charge against Peasley was dismissed by the State of Rhode Island pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.[1] The city thereafter reinstated Peasley, effective April 24, 2023. On June 15, 2023, the union filed a second grievance, seeking compensation for the wages Peasley lost during his unpaid suspension (the back-pay grievance). The parties agreed to proceed directly to arbitration.

While the back-pay grievance was pending in arbitration, on or about January 12, 2024, Peasley filed the action at the center of this appeal, a complaint for declaratory relief in the Superior Court. Peasley asserted that the basis for the unpaid suspension was the criminal charge for child abuse and that the criminal charge had been dismissed. Accordingly, Peasley reasoned that he was "vindicated" within the meaning of the Teachers' Tenure Act, which provides in relevant part:

> "Whenever a teacher is suspended by a school committee, the school committee shall furnish the teacher with a complete statement of the cause(s) of the suspension and,

---

[1] Rule 48(a) of the Superior Court Rules of Criminal Procedure provides: "The attorney for the State may file a dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate. Such dismissal may not be filed during the trial without consent of the defendant."

> upon request, shall afford the teacher a hearing and appeal pursuant to the procedure set forth in § 16-13-4. *If the teacher shall be vindicated as a result of the hearing or any appeal the teacher shall be paid in full for the period of suspension * * *.*" General Laws 1956 § 16-13-5(b) (emphasis added).

Thus, through the declaratory relief action, Peasley sought a declaration that he was entitled to, among other things, back pay. *See id.*

The city responded by filing a motion to dismiss. During the hearing on the motion to dismiss, Peasley argued that, in addition to the contractual remedy provided through the collective bargaining agreement (CBA), *viz.*, arbitration, he was also entitled to pursue the statutory remedy set forth within § 16-13-5(b). Significantly, before the trial justice, Peasley acknowledged that the arbitration proceeding on the back-pay grievance remained pending.

The trial justice granted the motion to dismiss and in so doing recognized that *Martone v. Johnston School Committee*, 824 A.2d 426 (R.I. 2003), was "directly applicable to this case." He elucidated that Peasley challenged the city's denial of the demand for back pay and pursued arbitration; therefore, "the election of remedies doctrine is applicable." The trial justice also distinguished Peasley's argument concerning the applicability of *Weeks v. 735 Putnam Pike Operations, LLC*, 85 A.3d 1147 (R.I. 2014), stating, among other grounds, that unlike *Weeks* this case did not concern any statutory provisions prohibiting discrimination. Judgment entered in favor of the city and Peasley filed this appeal.

## Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure "has a narrow and specific purpose: to test the sufficiency of the complaint." *Doe v. Brown University*, 253 A.3d 389, 394-95 (R.I. 2021) (quoting *Mokwenyei v. Rhode Island Hospital*, 198 A.3d 17, 21 (R.I. 2018)). "When deciding a motion to dismiss, the hearing justice 'is to look no further than the complaint, assume that all allegations in the complaint are true, and resolve any doubt in a plaintiff's favor.'" *Id.* at 395 (quoting *Mokwenyei*, 198 A.3d at 21). Moreover, we have recognized that "[a] dismissal of a declaratory-judgment action before a hearing on the merits, under Rule 12(b)(6), is proper only when the pleadings demonstrate that, beyond a reasonable doubt, the declaration prayed for is an impossibility." *Tucker Estates Charlestown, LLC v. Town of Charlestown*, 964 A.2d 1138, 1140 (R.I. 2009).

## Discussion

"This Court long has adhered to the election of remedies doctrine to 'mitigate unfairness to both parties by preventing double redress for a single wrong.'" *Martone*, 824 A.2d at 429 (quoting *State Department of Environmental Management v. State Labor Relations Board*, 799 A.2d 274, 277 (R.I. 2002)) (*DEM*). "Pursuant to the election of remedies doctrine, 'when one party to a CBA attempts to take advantage of the grievance procedure and loses, that party is prohibited from

pursuing the same dispute in the courts of this state.'" *Id.* (brackets and deletion omitted) (quoting *DEM*, 799 A.2d at 278).  Likewise, "when one party to a CBA attempts to take advantage of a statutorily-prescribed administrative remedy and loses, the election-of-remedies doctrine prohibits that party from pursuing the same dispute through a grievance procedure." *Id.* (quoting *School Committee of North Kingstown v. Crouch*, 808 A.2d 1074, 1080 (R.I. 2002)).

In *Martone*, a tenured teacher was placed on leave pending the outcome of an investigation alleging sexual harassment of a co-worker. *See Martone*, 824 A.2d at 428.  After an investigation, Martone was permitted to return to his teaching duties; however, a "Letter of Reprimand" was issued, which the union challenged through the grievance process. *Id.*  While the grievance was pending, Martone filed a petition for a writ of mandamus in the Superior Court seeking a decree that the school committee conduct a hearing in accordance with § 16-13-5. *Id.*

This Court concluded that "the election of remedies doctrine applies and is dispositive." *Martone*, 824 A.2d at 431.  In so doing, we recognized that Martone filed a grievance pursuant to the CBA, and thereafter filed a petition for a writ of mandamus in the Superior Court. *Id.* at 430.  We explained that "[b]y initially electing to use the grievance process to challenge the sanction that the committee imposed against him, Martone 'had selected the remedy to adjudicate his claim, and

- 6 -

he should have pursued that remedy to its conclusion.'" *Id.* (brackets omitted) (quoting *DEM*, 799 A.2d at 278).

*Martone* similarly controls this matter. Before the Superior Court, Peasley readily admitted that the arbitration proceeding on the back-pay grievance was initially commenced and remained pending at the time he filed the action for declaratory relief. Likewise, on appeal, Peasley recognizes that "[w]hile arbitration on the 2023 Backpay Grievance remained pending, [he] * * * filed the action that is the subject of this appeal * * *." As we have explained, "the doctrine of election of remedies is equitable in nature and has at its core the salient purpose of preventing unfairness to the parties." *Martone*, 824 A.2d at 430 (quoting *DEM*, 799 A.2d at 278).

Peasley endeavors to distinguish *Martone* by invoking *Weeks* and equating the provisions of the Teachers' Tenure Act (at issue in this case) with the Rhode Island Civil Rights Act (RICRA), *see* G.L. 1956 chapter 112 of title 42, and the Rhode Island Fair Employment Practices Act (FEPA), *see* G.L. 1956 chapter 5 of title 28 (both at issue in *Weeks*). In this respect, plaintiff suggests that similar to RICRA and FEPA, this Court has determined that the Teachers' Tenure Act is of such critical importance that its statutory remedies cannot be waived. We reject this absolute approach, as well as plaintiff's efforts to compare the provisions of the Teachers' Tenure Act with the landmark antidiscrimination protections found in

RICRA and FEPA. *See Bochner v. Providence School Committee*, 490 A.2d 37, 42 (R.I. 1985) ("[W]e hold that absent an express relinquishment by the petitioners of their statutory right of appeal, the arbitration clause of the Providence teachers' contract could not revoke their right of appeal under either § 16-13-4 or § 16-39-2."); *see also Weeks*, 85 A.3d at 1158 ("[I]t is our holding that the right to a judicial forum for claims brought specifically under the RICRA or the FEPA can be waived in a collective bargaining agreement if, and only if, that waiver is clear and unmistakable.").[2]

Peasley also references the Uniform Declaratory Judgments Act (UDJA), G.L. 1956 § 9-30-1, which provides that the Superior Court "shall have [the] power to declare rights, status, and other legal relations *whether or not further relief is or could be claimed*."[3] (Emphasis added.) Based upon the emphasized statutory

---

[2] On appeal, Peasley does not address whether the CBA governing the parties in this case contains such waiver language. Indeed, Peasley's written submissions to this Court, as well as his oral argument, fails to reference any relevant provision of the CBA. Thus, we have no occasion to consider this issue. *See Terzian v. Lombardi*, 180 A.3d 555, 557 (R.I. 2018) ("[A] failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand.") (quoting *McGarry v. Pielech*, 108 A.3d 998, 1005 (R.I. 2015)).

[3] Peasley's statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure references G.L. 1956 § 9-1-30, but the context and arguments make clear that this is a scrivener's error and Peasley intended to reference G.L. 1956 § 9-30-1.

language, Peasley contends that he may simultaneously pursue an action for declaratory relief in the Superior Court and an arbitration proceeding. We disagree.

In *Cranston Teachers' Association v. Cranston School Committee*, 423 A.2d 69 (R.I. 1980), the teachers' association sought to recover back pay withheld from its members during a wage freeze instituted pursuant to a Presidential Order. *Cranston Teachers' Association*, 423 A.2d at 69-70. After invoking the grievance procedures set forth in the CBA, the teachers' association filed an action for declaratory relief in the Superior Court, seeking a determination that its members were entitled to receive the withheld wages. *Id.* at 70-71. We affirmed the Superior Court's dismissal of the declaratory relief action, explaining that "the teachers, through their representatives, decided that their rights to [back pay] were and are to be initially determined through the arbitration processes set out in the agreement." *Id.* at 71. Having elected to proceed through arbitration, we concluded that the teachers' association and its members "were foreclosed from seeking redress in the Superior Court" through the UDJA. *Id.*; *see also City of Pawtucket v. Pawtucket Lodge No. 4, Fraternal Order of Police*, 545 A.2d 499, 503 (R.I. 1988) ("We cannot overlook the fact that the city submitted the dispute to grievance arbitration, received an unfavorable decision, and returned to the courthouse to seek relief [through the UDJA].").

- 9 -

Finally, Peasley argues that the trial justice disregarded the possibility that the city may contest the arbitrability of the back-pay grievance. During oral argument, however, we were advised that the back-pay grievance was arbitrated and that the parties were awaiting a decision. In light of these developments, we are satisfied that any previous concerns that the arbitration proceeding on the back-pay grievance might be avoided have been alleviated.

## Conclusion

For these reasons, the judgment of the Superior Court is affirmed. The papers in this case are remanded to the Superior Court.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Clifton Peasley v. City of Providence, by and through its Treasurer, Shomari Husband. |
| **Case Number** | No. 2025-21-Appeal. (PC 24-249) |
| **Date Opinion Filed** | January 22, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph J. McBurney |
| **Attorney(s) on Appeal** | For Plaintiff: Vicki J. Bejma, Esq. |
| | For Defendant: Charles A. Ruggerio, Esq. |