July 14, 2023

**Supreme Court**

No. 2021-165-M.P.
(6CA 21-1251)

(Concurrence begins on Page 13)

Gunvor USA, LLC                    :

v.                    :

State of Rhode Island, acting by and    :
  through Division of Taxation.

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:    opinionanalyst@courts.ri.gov,    of    any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

Gunvor USA, LLC          :

v.                :

State of Rhode Island, acting by and   :
   through Division of Taxation.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on May 10, 2023, pursuant to a writ of certiorari issued upon petition by the plaintiff, Gunvor USA, LLC (Gunvor).  Gunvor seeks review of a decision by the Sixth Division District Court granting the motion to dismiss of the defendant, the State of Rhode Island, acting by and through the Division of Taxation (the Division).  The parties were directed to appear and show cause why the issues raised in this case should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons stated herein, we quash the order of the District Court.

- 1 -

## Facts and Travel

This tax appeal arises from a series of transactions for the purchase and sale of gasoline and concerns the application of the Motor Fuel Tax.[1] General Laws 1956 § 31-36-7 establishes a tax "on all taxable gallons of fuel sold or used in [the] state." Section 31-36-7(a) requires that:

> "Every distributor shall, on or before the twentieth (20th) day of each month, render a report to the tax administrator, * * * of the amount (number of gallons) of fuels purchased, sold, or used by the distributor within this state and the amount of fuels sold by the distributor without this state from fuels within this state during the preceding calendar month, and, if required by the tax administrator as to purchases, the name or names of the person or persons from whom purchased and the date and amount of each purchase, and as to sales, the name or names of the person or persons to whom sold and the amount of each sale * * *."

General Laws 1956 § 31-36-2 requires that "[e]very distributor shall, before continuing or commencing to transact the business of a distributor, apply for registration as a distributor at the office of the tax administrator" and obtain "a certificate of the registration" which "entitle[s] the distributor to continue or to commence to engage in the business within th[e] state." A distributor is defined as:

---

[1] We pause to note that this is not the only case in which the Division's imposition of the Motor Fuel Tax has been challenged. *See Apex Oil Company, Inc. v. State of Rhode Island*, Nos. 2021-116-M.P., 2021-117-M.P. (a challenge to the imposition of the Motor Fuel Tax on a transaction between Glencore, Ltd. and Apex Oil Company, Inc., pending before this Court and heard on the same day).

"[A]ny person, association of persons, firm, or corporation, wherever resident or located, who or that shall import, or cause to be imported into this state, for use or for sale, fuels, and also any person, association of persons, firm, or corporation who or that shall produce, refine, manufacture, or compound fuels within this state." Section 31-36-1(2).[2]

The tax at the center of this dispute was levied on a transaction between Glencore, Ltd. (Glencore) and PetroChina International (America), Inc. (PetroChina), in which PetroChina purchased 300,000 barrels of gasoline from Glencore. The gasoline at issue was the subject of numerous transactions between various entities—a series of transactions often referred to as a "chain transaction."[3]

---

[2] General Laws 1956 § 31-36-16 also provides that:

"Any person who shall receive fuels in any form and under any circumstances that shall preclude the collection of the tax provided for in this chapter, from the distributors, and shall then sell or use the fuels in any manner and under any circumstances that shall render the sale or use subject to the tax, shall be considered as a distributor, and shall make the same report, pay the same taxes, and be subject to all other provisions of this chapter relating to a distributor of the fuels; excepting, that the requirements under this chapter for the filing of a bond shall be discretionary with the tax administrator, and if the bond is required to be filed it shall be in an amount not to exceed seventy-five thousand dollars ($75,000)."

[3] A chain transaction is the "consecutive suppl[y] of goods between three or more legal entities, where the contractual obligations of all parties in the chain are discharged by a single movement of goods from the first supplier in the chain to the final customer." *ECJ AG Allows Belgian Coordination Centers Through 2010*, 17 J. Int'l Tax'n 5 (2006).

The chain transaction at issue in the present case involved six entities. The 300,000 barrels of gasoline were first sold from BP Products North America (BP) to Glencore. Glencore then sold the gasoline to PetroChina, which, in turn, sold it to Gunvor. Gunvor next sold the gasoline to Atlantic Trading and Marketing, Inc. (ATMI), which, lastly, sold it to ExxonMobil.

According to Gunvor, it consummated its agreement to purchase the gasoline from PetroChina on September 5, 2018, outside of Rhode Island, as both PetroChina and Gunvor are entities located in Texas; at the time, the gasoline was in international waters. Subsequently, on October 19, 2018, Gunvor agreed to sell the subject gasoline to ATMI, again while the gasoline remained in international waters. ATMI sold the gasoline to ExxonMobil, which directed the vessel carrying the gasoline, the *Mariposa*, to Rhode Island. The gasoline arrived at ExxonMobil's port in East Providence on October 30, 2018, and was distributed by ExxonMobil sometime thereafter in the course of its business.

In November of 2018, the Division imposed a Motor Fuel Tax on the sale of the 300,000 barrels of gasoline from Glencore to PetroChina. According to Gunvor, the Division imposed the tax on Glencore because it was an unregistered distributor. Under § 31-36-13, "any distributor shall be exempt from the payment of any tax on fuels sold by the distributor to another distributor who is registered with the tax administrator."

In accordance with the terms of their contracts, Glencore passed the tax to PetroChina, and PetroChina paid the tax to the Division.[4] As part of Gunvor's contract with PetroChina, Gunvor agreed to pay any taxes assessed on the sale of the 300,000 barrels of gasoline. Thus, PetroChina sought reimbursement from Gunvor per the terms of their contract for the tax and associated fees. Gunvor thereafter reimbursed PetroChina. Gunvor requested a private-letter ruling[5] from the Division

---

[4] We pause to note that there are discrepancies within the record regarding which entity paid the tax to the Division. Gunvor alleges, in its complaint, that PetroChina paid the tax to the Division. However, the Division, in its brief, represents that Glencore, not PetroChina, paid the tax. This will be resolved on remand.

[5] According to the Division:

> "A General Informational Letter, (commonly referred to as a 'Letter Ruling') is unlike a Declaratory Order in that it generally seeks an interpretation of tax law or regulation without applying it to a specific set of facts. A General Informational Letter may be issued where it appears that general information only is requested, or where a request for a Declaratory Order does not comply with all the requirements for a Declaratory Order. General Informational Letters may not be relied upon by any taxpayer other than the taxpayer who requested the information. General Informational Letters are not binding on the Tax Division if there has been a misstatement or omission of material facts or, on a prospective basis, if there has been a change in law or applicable regulations or a decision on point is issued by the Rhode Island or Federal Courts." 280 RICR 20-00-5.3(B).

regarding its reasoning for imposing the tax; the Division failed to respond substantively to this request.

On February 14, 2020, Gunvor filed a complaint in the Sixth Division District Court against the Division alleging constitutional violations (count one), violations of the Motor Fuel Tax (count two), and seeking a declaratory judgment (count three) (6CA 20-2187) (the 2020 declaratory judgment action). The Division moved to dismiss, arguing that Gunvor (1) lacked standing to bring its claims, and (2) failed to exhaust its administrative remedies. A hearing was held, after which the court granted the Division's motion to dismiss without prejudice. According to the parties, the court concluded that the declaratory-judgment action should have been brought in Superior Court pursuant to G.L. 1956 § 42-35-7, and granted the motion to dismiss without prejudice in order to allow Gunvor to file its claims in the Superior Court.

The plaintiff then initiated both this action in the Sixth Division District Court (6CA 21-1251) and another action in the Superior Court (PC 21-1064) on February 11, 2021 (the 2021 declaratory judgment action). In the Superior Court action, Gunvor sought a declaratory judgment that the Motor Fuel Tax applies only to entities that import gasoline into Rhode Island. The Division filed a motion to dismiss arguing that (1) the court lacked jurisdiction, (2) there was no actual controversy at issue, (3) Gunvor lacked standing, and (4) Gunvor failed to exhaust its administrative remedies. A hearing was held, and the Superior Court justice

- 6 -

denied the motion to dismiss. The Division filed a petition for writ of certiorari challenging the denial of its motion to dismiss. During the pendency of that petition, the Division filed a motion to stay discovery. The trial justice, however, denied that motion after a hearing. This Court also denied the Division's petition for a writ of certiorari. On October 11, 2022, the Division filed an answer, and the case remains pending in the Superior Court at this time.

The complaint in the case at bar asserted two counts, one alleging constitutional violations, and the second asserting violations of the Motor Fuel Tax. The complaint also alleged that administratively challenging the tax would be futile based on the Division's position "in similar cases" that "entities such as Gunvor and others similarly situated do not have standing to challenge the tax imposed here." The Division filed a motion to dismiss based on its contention that (1) Gunvor lacked standing to maintain the action, and (2) Gunvor failed to exhaust its administrative remedies prior to bringing suit. At a hearing on the Division's motion to dismiss, Gunvor set forth its reasoning behind filing two separate cases—one in the Superior Court and another in the District Court. Because the trial judge had granted the Division's motion to dismiss the 2020 declaratory judgment action without prejudice, based on his conclusion that the action should have been filed in the Superior Court, rather than in the District Court, Gunvor refiled the action in the Superior Court. As to the action before the District Court trial judge, Gunvor argued

that it was not required to exhaust its administrative remedies because attempting to do so would have been futile in light of the tax administrator's decision in *Apex Oil Company, Inc. v. State of Rhode Island*, Nos. 2021-116-M.P., 2021-117-M.P. (*Apex*). The trial judge disagreed, concluding that the futility exception did not apply and, thus, granted the motion to dismiss. The trial judge did not address the issue of standing. An order granting the Division's motion to dismiss entered thereafter and Gunvor filed a petition for a writ of certiorari, which this Court granted.

## Standard of Review

"On a motion to dismiss, the facts are gleaned from the complaint; we assume all of the allegations in the complaint are true and resolve any doubts in favor of the plaintiff." *Chhun v. Mortgage Electronic Registration Systems, Inc.*, 84 A.3d 419, 420-21 (R.I. 2014). "The sole function of a motion to dismiss is to test the sufficiency of the complaint." *Benson v. McKee*, 273 A.3d 121, 127 (R.I. 2022) (quoting *Gannon v. City of Pawtucket*, 200 A.3d 1074, 1077 (R.I. 2019)). "In passing on a Rule 12(b) dismissal, this Court applies the same standard as the trial justice."[6] *Ho-Rath v. Rhode Island Hospital*, 89 A.3d 806, 810 (R.I. 2014) (quoting *Narragansett Electric Company v. Minardi*, 21 A.3d 274, 278 (R.I. 2011)). "A

---

[6] Rule 12(b) of the District Court Civil Rules is identical to Rule 12(b) of the Superior Court Rules of Civil Procedure. This Court will look to cases interpreting certain Superior Court rules for guidance in interpreting District Court rules. *See Verizon New England Inc. v. Savage*, 267 A.3d 647, 650-51 n.4 (R.I. 2022).

motion to dismiss may be granted only if it appears beyond a reasonable doubt that a plaintiff would not be entitled to relief under any conceivable set of facts." *Barnes v. Rhode Island Public Transit Authority*, 242 A.3d 32, 36 (R.I. 2020) (quoting *Narragansett Electric Company*, 21 A.3d at 278).

**Analysis**

The Division contends that the trial judge properly dismissed Gunvor's claims because Gunvor failed to exhaust its administrative remedies prior to bringing suit. According to the Division, the District Court has jurisdiction over an "appeal of a final decision of the tax administrator" and in the case at bar, because there was no such decision, the District Court lacked jurisdiction over Gunvor's claims. The Division asserts that none of the exceptions to the requirement that Gunvor exhaust its administrative remedies apply in this case.

Gunvor, however, claims that it was not required to exhaust its administrative remedies prior to initiating this action against the Division because (1) the Division exceeded its authority when it levied a Motor Fuel Tax on a transaction that occurred outside of the state, resulting in double taxation on the same gasoline, (2) Gunvor asserts violations of federal constitutional rights, and (3) a hearing before the tax administrator would be futile based on the tax administrator's decision in the *Apex*

case.[7]  We agree with Gunvor's futility argument.[8]

"In tax aggrievement cases, a party first must exhaust administrative remedies, including an appeal to the District Court[,] and then may seek a writ of certiorari to this Court." *Long v. Dell, Inc.*, 984 A.2d 1074, 1079 (R.I. 2009); *see also Davis v. Town of Exeter*, 285 A.3d 15, 22 (R.I. 2022) ("This Court has held that a plaintiff must first 'exhaust administrative remedies before bringing a claim in court.'") (quoting *Bellevue-Ochre Point Neighborhood Association v. Preservation Society of Newport County*, 151 A.3d 1223, 1231 (R.I. 2017)).  "Futility, however, is an exception to the requirement that a plaintiff obtain an agency's final decision before seeking judicial review." *Davis*, 285 A.3d at 22.  "While this Court has recognized that futility is difficult to define, it has looked to the United States Court of Appeals for the First Circuit, which has 'explained that futility may be established in special circumstances when a permit application is not a viable option or where the permitting authority has made it transparently clear that a permit application will not be granted.'" *Id.* (quoting *Cullen v. Town Council of Town of Lincoln*, 850 A.2d

---

[7] Gunvor also claims that (1) it has standing to assert its claims against the Division, (2) the Division lacked the authority to impose the Motor Fuel Tax on the transaction because it occurred outside of the state, and (3) the Division taxed the same gasoline twice.  We decline to address these claims.

[8] Because we conclude that the futility exception to the requirement that a party exhaust its administrative remedies prior to bringing suit applies in the case at hand, we need not address the other exceptions.

900, 906 (R.I. 2004)). "'[T]he mere possibility, or even the probability, that the responsible agency may deny the permit should not be enough' to establish futility, 'the prospect of refusal must be certain (or nearly so).'" *Id.* (quoting *Cullen*, 850 A.2d at 960).

Gunvor argues that the futility exception to the requirement that it obtain the Division's final decision before seeking judicial review applies in this case based on the tax administrator's decision in *Apex*. In *Apex*, the Division levied a Motor Fuel Tax of more than $4 million on the sale of 300,000 barrels of gasoline from Glencore to Apex. Glencore paid the tax to the Division and Apex reimbursed Glencore, per the terms of their agreement. Apex then sought to challenge the validity of the tax, arguing that the transaction occurred outside of the state and therefore was not subject to the Motor Fuel Tax. Apex first requested a private-letter ruling from the Division on its reasoning for imposing the tax; the Division failed to substantively respond to that request. Apex then submitted a claim for a refund of the tax pursuant to § 31-36-13. The Division denied the claim and asserted that Apex did not have a right to pursue a refund because Apex itself was not the entity charged the tax nor the entity that had paid the tax. Apex appealed the Division's decision and requested an administrative hearing; the Division moved to dismiss the appeal. A hearing was held, after which the hearing officer recommended that the tax administrator grant the Division's motion to dismiss. Among the findings of the hearing officer were

that Apex neither had a statutory grant nor had it suffered an injury in fact and therefore had no standing to challenge the tax, and because Glencore had entered a settlement agreement with the Division regarding a penalty and interest assessed on the tax, Apex's claims were barred by the doctrines of *res judicata* and administrative finality. The tax administrator adopted the hearing officer's decision.

We have opined "that futility may be established in special circumstances * * * where the [agency] has made it transparently clear that [the requested relief] will not be granted." *Cullen*, 850 A.2d at 906 (internal quotation marks omitted); *see also Davis*, 285 A.3d at 22 (explaining that the futility exception did not apply because the plaintiff had failed to show that the town's refusal to issue a permit "would be a near certainty").

In the present case, we conclude that, given the inflexibility of the Division's position throughout the proceedings in *Apex* that only the entity that paid the tax directly to the Division had standing, and the tax administrator's decision concluding that *Apex* lacked standing, it was "transparently clear" that, under identical factual circumstances, Gunvor's application for a refund of the Motor Fuel Tax "[would] not be granted." *Davis*, 285 A.3d at 22 (quoting *Cullen*, 850 A.2d at 906). In *Apex*, the tax administrator concluded that Apex did not have standing to request a refund of the Motor Fuel Tax because it was not the entity that had been charged the tax nor

- 12 -

was it the entity that had actually paid it the tax.[9]  Thus, the tax administrator concluded that Apex did not have statutory standing or standing as a result of an injury in fact.  Like Apex, Gunvor is not the entity upon whom the tax was levied or the entity that actually paid the tax to the Division.  Rather, Gunvor reimbursed PetroChina $1.7 million for the tax that PetroChina paid.  Thus, we conclude that it was "certain (or nearly so)" that the tax administrator would have denied Gunvor's request for a refund of the tax, had one been made, based on its position that only the entity that paid the tax has standing to challenge it. *See id.* (quoting *Cullen*, 850 A.2d at 906).  We therefore hold that the trial judge erred in granting the Division's motion to dismiss based on Gunvor's failure to exhaust its administrative remedies.

## Conclusion

For the reasons set forth herein, we quash the order of the District Court.  The papers in this case may be returned to the District Court.

**Justice Long, concurring.**  While I agree with the Court's determination that Gunvor has exhausted its administrative remedies based on its successful demonstration that pursuing them would be futile, I write separately to highlight my concern with the Court's discussion and characterization of the facts underlying

---

[9] Although we note that in *Apex*, before the District Court, the Division also sought dismissal on *res judicata* and collateral estoppel grounds, the issues in these cases are identical.

*Apex Oil Company, Inc. v. State of Rhode Island*, Nos. 2021-116-M.P., 2021-117-M.P.

My review of the record leads me to conclude that the facts in this matter do not present a set of "identical factual circumstances" to the *Apex* proceeding, as the Court concludes. For example, Gunvor's complaint does not contain an allegation that it applied to the Division and sought a distributor license in an effort to exempt itself from paying the applicable taxes. Additionally, Gunvor alleges that it paid the amount equivalent to the taxes assessed in this matter based on the provisions of *two* independent contracts, rather than the single contractual obligation involved in the *Apex* matter. Consequently, I write separately to emphasize the existence of material factual differences between the transaction in *Apex* and the transaction at issue in this matter.

Accordingly, I respectfully concur in the judgment.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Gunvor USA, LLC v. State of Rhode Island, acting by and through Division of Taxation. |
| **Case Number** | No. 2021-165-M.P.<br>(6CA 21-1251) |
| **Date Opinion Filed** | July 14, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | 6th Division District Court |
| **Judicial Officer from Lower Court** | Associate Judge Christopher Smith |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ryan M. Gainor, Esq. |
| | For Defendant:<br><br>Bethany M. Whitmarsh, Esq. |